639 A.2d 815

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph Daniel MILLER, Appellant.**

**COMMONWEALTH of Pennsylvania**

**v.**

**Joseph Daniel MILLER, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 9, 1994.

Filed March 30, 1994.

620

Jerry A. Philpott, Duncannon, for appellant.

Daniel Stern, Asst. Dist. Atty., New Bloomfield, for Com., appellee.

Before CAVANAUGH, WIEAND and SAYLOR, JJ.

WIEAND, Judge:

On April 8, 1993, Joseph D. Miller entered negotiated pleas of guilty to charges contained in two separate criminal informations. At No. 306 Perry County, 1992, Miller pleaded guilty to charges of aggravated assault, rape, involuntary deviate sexual intercourse and kidnapping. At No. 376 Perry County, 1992, Miller pleaded guilty to a charge of escape. He was scheduled to be sentenced on June 17, 1993. On that date, however, Miller expressed a desire to withdraw his pleas of guilty and was instructed by the court to file a written motion to that effect. After motions had been filed, a hearing was held on July 8, 1993. Thereafter, an order was entered which denied Miller's motion to withdraw his pleas of guilty, and sentencing was scheduled for July 15, 1993. On that date, Miller was sentenced, pursuant to the previously negotiated plea bargain, to an aggregate term of imprisonment for not less than twenty (20) years nor more than forty (40) years for kidnapping, aggravated assault, rape and involuntary deviate sexual intercourse. The sentence was to be served concurrently with a sentence which had earlier been imposed for similar charges in Dauphin County. For the charge of escape, Miller was sentenced to serve a consecutive term of imprisonment for not less than three and one-half (3½) years nor more than seven (7) years. On direct appeal from the judgments of

sentence, Miller argues that the trial court abused its discretion by denying his pre-sentence motion to withdraw his pleas of guilty. He contends also that he should be permitted to withdraw his pleas because of a defective guilty plea colloquy.

■ With respect to pre-sentence requests to withdraw a guilty plea, the Superior Court has observed:

The present standard for determining whether a defendant before his sentence can withdraw a guilty plea was first articulated in 1973 in the seminal case *Commonwealth v. Forbes, supra* [450 Pa. 185, 299 A.2d 268 (1973)]. A request to withdraw a guilty plea has to meet both prongs of the following two-part test. First, a withdrawal cannot be granted if to do so would substantially prejudice the prosecution. *Commonwealth v. Anthony,* 504 Pa. 551, 561, 475 A.2d 1303, 1308–1309 (1984); *Forbes, supra,* 450 Pa. at 191, 299 A.2d at 271. Second, a withdrawal request made prior to sentencing should be granted for any "fair and just" reason. *Anthony, supra,* 504 Pa. at 561, 475 A.2d at 1308–1309; *Forbes, supra,* 450 Pa. at 192, 299 A.2d at 271.

Although there is no absolute right to withdraw a guilty plea, *Commonwealth v. Cole,* 387 Pa.Super. 328, 331, 564 A.2d 203, 204 (1989) (en banc), requests to withdraw guilty pleas prior to sentencing should be "liberally allowed." *Commonwealth v. Shaffer,* 498 Pa. 342, 345, 446 A.2d 591, 593 (1982); *quoting Forbes, supra,* 450 Pa. at 190, 299 A.2d at 271. *Commonwealth v. Jackson,* 390 Pa.Super. 639, 646, 569 A.2d 964, 968 (1990). A trial court's decision as to whether to allow a guilty plea to be withdrawn will not be disturbed absent an abuse of discretion. *Commonwealth v. Boatwright,* 404 Pa.Super. 75, 82–83, 590 A.2d 15, 19 (1991); *Commonwealth v. Jones,* 389 Pa.Super. 159, 162, 566 A.2d 893, 894 (1989), *alloc. denied,* 525 Pa. 632, 578 A.2d 926 (1990). A trial court must exercise its discretion with a view towards permitting withdrawal for any fair and just reason. *Commonwealth v. Hayes,* 462 Pa. 291, 300, 341 A.2d 85, 90 (1975); *Commonwealth v. Woods,* 452 Pa. 546, 550, 307 A.2d 880, 881 (1973).

*Commonwealth v. Turiano,* 411 Pa.Super. 391, 396, 601 A.2d 846, 849 (1992). See also: *Commonwealth v. Iseley,* 419 Pa.Super. 364, 371, 615 A.2d 408, 412 (1992); *Commonwealth v. Rish,* 414 Pa.Super. 220, 223–224, 606 A.2d 946, 947 (1992).

In *Commonwealth v. Forbes,* 450 Pa. 185, 299 A.2d 268 (1973), the Supreme Court determined that a defendant's assertion of innocence constituted a fair and just reason upon which to permit the pre-sentence withdrawal of a plea of guilty. Subsequently,

> [t]he Superior Court has followed *Forbes* and has held that an assertion of innocence may constitute a fair and just reason for the pre-sentence withdrawal of a guilty plea. See: *Commonwealth v. Ortiz,* 334 Pa.Super. 117, 482 A.2d 1110 (1984); *Commonwealth v. Kay,* 330 Pa.Super. 89, 478 A.2d 1366 (1984), *cert. denied,* 471 U.S. 1010, 105 S.Ct. 2009, 85 L.Ed.2d 293 (1985); *Commonwealth v. Whittall,* 304 Pa.Super. 258, 450 A.2d 669 (1982); *Commonwealth v. Boofer,* 248 Pa.Super. 431, 375 A.2d 173 (1977). Indeed, where a defendant has asserted his innocence and the Commonwealth has been unable to show substantial prejudice, it has been held to be an abuse of discretion for a trial court to deny a pre-sentence petition for withdrawal of a guilty plea. See: *Commonwealth v. Woods,* 452 Pa. 546, 307 A.2d 880 (1973); *Commonwealth v. Forbes, supra; Commonwealth v. Ortiz, supra; Commonwealth v. Boofer, supra.*

*Commonwealth v. Cole,* 387 Pa.Super. 328, 333–334, 564 A.2d 203, 205 (1989) (en banc).[1]

Instantly, prior to the trial court's acceptance of appellant's pleas of guilty, the following inquiry took place:

> THE COURT: Okay. Why are you pleading guilty to the escape charge, Mr. Miller?

1. Although still the law in this Commonwealth, the rule adopted by the Supreme Court in *Commonwealth v. Forbes, supra* has been the subject of much criticism in recent years. See, e.g.: *Commonwealth v. Iseley, supra* 419 Pa.Super. at 371–374, 615 A.2d at 412–413; *Commonwealth v. Rish, supra* 414 Pa.Super. at 225 n. 6, 606 A.2d at 948 n. 6; *Commonwealth v. Turiano, supra* 411 Pa.Super. at 400–406, 601 A.2d at 851–854; *Commonwealth v. Cole, supra* 387 Pa.Super. at 336–337 n. 6, 564 A.2d at 207 n. 6.

MR. MILLER: Because I'm guilty.

THE COURT: You're guilty?

MR. MILLER: Um-hum.

THE COURT: It's a[s] good a reason as I can think of, Mr. Miller. You went over the wall when you weren't supposed to, right?

MR. MILLER: Yeah.

THE COURT: Okay. Now, how about these other charges?

MR. MILLER: I'm guilty.

THE COURT: You're guilty. What did you do, Mr. Miller, in connection with these other charges?

MR. MILLER: Excuse me?

THE COURT: What did you do? You tell me what you did.

MR. MILLER: Well, I kidnapped a girl, I raped her, and tried to kill her, which I did. I can't be denying it, you know what I mean, going for any more trouble than what I have to. So, I'll just plead guilty to the charges.

THE COURT: To paraphrase what you said, you kidnapped a girl, you raped her, and you tried to kill her?

MR. MILLER: Yes.

THE COURT: And you can't see denying it because you did it?

MR. MILLER: Right.

On July 8, 1993, a hearing was held on appellant's motion to withdraw his pleas of guilty. Appellant initially refused to give any reasons for seeking to withdraw his pleas, stating that he had an absolute right to do so. Upon the prompting of counsel, however, appellant said that he should be permitted to withdraw his pleas because he believed that he had been pleading guilty to only two, rather than four, first degree felony charges and because his confession to these charges had been obtained illegally by police. Subsequently, during a continuation of the hearing, the following occurred:

THE COURT: Let me ask you this, Mr. Miller. I remember when I asked you in the conclusion of this colloquy when you were here earlier, I said why are you pleading guilty, Mr. Miller, on these charges? This was the kidnapping, the rape, the aggravated assault. Okay. Remember that one?

MR. MILLER: Yeah.

THE COURT: You said because I'm guilty. And I said what did you do? And you said I kidnapped a girl, I raped her and I tried to kill her.

Now, did I force you to say that?

MR. MILLER: No, you didn't force me to say that but I'll tell you why I said it if you want to know why. I said what Mr. Walz told me to say. He told me if I didn't state that I was guilty of all the charges—I'm not guilty of all them charges. I might be guilty for attempted homicide charge. I ain't guilty for rape, kidnapping. But he told me if I didn't plead guilty to all the charges, you wouldn't accept the guilt plea.

And I couldn't—I mean, it wasn't a bad deal, I mean, to have it running concurrent with Dauphin County but I thought I can't plead guilty for something I'm not guilty of.

THE COURT: Matter of princip[le]?

MR. MILLER: Yeah.

THE COURT: Okay. Anything else that you have a problem with?

MR. MILLER: No, I have nothing else. I'm just raising my issue that I don't want Mr. Walz as my attorney.

In *Commonwealth v. Cole, supra,* the defendant had entered a plea of guilty to charges of robbery and conspiracy only after the Commonwealth had been able to obtain the presence of a key witness whom it had flown to Philadelphia from Georgia. After the witness returned to Georgia, the defendant sought to withdraw his plea of guilty by claiming he was innocent of the charges. The trial court denied the motion, and, on appeal, the Superior Court found no abuse of discretion, reasoning as follows:

A criminal defendant will not be permitted to play fast and loose with the guilty plea process in order to delay prosecution or jeopardize the Commonwealth's ability to prove guilt.

. . . .

Under the circumstances of this case, the bald assertion of innocence appearing in appellant's petition did not constitute a fair and just reason for allowing appellant to withdraw his plea of guilty. Not only would the Commonwealth have been prejudiced by allowing such withdrawal but appellant would have been permitted to make a mockery of the guilty plea hearing process in which appellant, after a full and complete colloquy, admitted his guilt and his role in the robbery and conspiracy.

"A guilty plea is not a ceremony of innocence, it is an occasion when one offers a confession of guilt. . . . The defendant is before the court to acknowledge facts that he is instructed constitute a crime. . . . He is there to voluntarily say what he knows occurred, whether the Commonwealth would prove them or not, and that he will accept their legal meaning and their legal consequence." *Commonwealth v. Anthony,* 504 Pa. 551, 559, 475 A.2d 1303, 1307–1308 (1984). A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. *Commonwealth v. Mitchell,* 319 Pa.Super. 170, 175, 465 A.2d 1284, 1286 (1983). A defendant will not be permitted to postpone the final disposition of his case by lying to the court concerning his culpability and thereafter withdraw his plea of guilty by contradicting his prior testimony and asserting innocence. Cf. *Commonwealth v. Brown,* 242 Pa.Super. 240, 363 A.2d 1249 (1976).

Pennsylvania has constructed its guilty plea procedures in a way designed to guarantee assurance that guilty pleas are voluntarily and understandingly tendered. See: Pa. R.Crim.P. 319 and comment thereon. The entry of a guilty plea is a protracted and comprehensive proceeding wherein the court is obliged to make a specific determination after

extensive colloquy on the record that a plea is voluntarily and understandingly tendered. A guilty plea colloquy must include inquiry as to whether (1) the defendant understood the nature of the charge to which he is pleading guilty; (2) there is a factual basis for the plea; (3) the defendant understands that he has the right to a jury trial; (4) the defendant understands that he is presumed innocent until he is found guilty; (5) the defendant is aware as to the permissible range of sentences; and (6) the defendant is aware that the judge is not bound by the terms of any plea agreement unless he accepts such agreement. *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977). Inquiry into these six areas is mandatory in every guilty plea colloquy. *Commonwealth v. Glaze*, 366 Pa.Super. 517, 531 A.2d 796 (1987); *Commonwealth v. Moore*, 365 Pa.Super. 65, 528 A.2d 1364 (1987). See also: *Commonwealth v. Johnson*, 355 Pa.Super. 123, 512 A.2d 1242 (1986). So many safeguards have been imposed by law to ensure that a guilty plea is voluntarily and knowingly made, that a defendant should not be permitted to withdraw his guilty plea, even before sentencing, merely by intoning the allegation that "I am not guilty," where, as here, his plea of guilty was supported by an extensive colloquy in which the defendant expressly admitted guilt.

*Commonwealth v. Cole, supra* 387 Pa.Super. at 334–336, 564 A.2d at 206–207 (footnote omitted).

As in *Cole*, the trial court in the instant case determined that the Commonwealth would be substantially prejudiced if appellant were permitted to withdraw his pleas of guilty. The prejudice in this case, the trial court concluded, would result from the necessity of complying with a pre-trial order mandating a change of venue, which had been granted prior to appellant's decision to plead guilty. The trial court reasoned as follows:

In the case at hand, the Commonwealth would be substantially prejudiced if the defendant were allowed to withdraw his guilty plea. Because of the pre-trial publicity regarding the defendant's other murder charges and convic-

tions, the defendant had been given a change of venue for both numbers 306 and 376 of 1992. Two separate trials for these separate incidents were to be held in Hollidaysburg, Blair County. Two separate juries were needed for both charges and particular pains were taken in planning to keep both juries separate. During the guilty plea colloquy, these preparations were explained to the defendant in connection with his right to a trial by an impartial jury. After the guilty plea colloquy, the defendant admitted to all of the charges and stated that he was pleading guilty because he is guilty.

After the defendant plead guilty, all of the arrangements made with Blair County were cancelled. In addition, Blair County was then chosen for the site of an unrelated murder trial for the defendant. If the defendant was allowed to withdraw his guilty plea, all of the previous preparations would have to be set up in a new county. This would substantially prejudice the Commonwealth. Furthermore, the defendant admitted to the above charges and stated he was guilty during the guilty plea proceedings. The defendant would be making a mockery of the Court and the guilty plea process if he were allowed to withdraw his pleas and burden the Commonwealth in this manner. For these reasons, this Court refused to allow the defendant to withdraw his guilty plea.

By pleading guilty in this case, appellant negated extensive efforts by the Commonwealth to find a venue for his trial in which a fair and impartial jury could be empanelled. If appellant were now permitted to withdraw his pleas, the Commonwealth would again be required to find another county in which appellant could be tried by a jury unaffected by the extensive publicity which had followed his several crimes. Not only would this entail great financial burden for the Commonwealth, it would likely result in substantial delay.

In any event, appellant's alleged assertion of innocence rings hollow in light of his specific admission of guilt during the guilty plea colloquy. Appellant has made no claim that he is innocent of the escape charge, and his claim of innocence

with respect to the other charges can at best be described as equivocal. Thus, while denying that he kidnapped or raped his victim, appellant conceded that he attempted to kill her. Under these circumstances, it is not difficult to understand the trial court's belief that appellant was attempting to play fast and loose with the guilty plea process. The trial court did not abuse its discretion, therefore, when it concluded that appellant had not offered a fair and just reason to require the withdrawal of his pleas of guilty.

■ Appellant also asserts that he should be permitted to withdraw his pleas of guilty because, during the guilty plea colloquy, no inquiry was made regarding his understanding that the trial court was not bound by the terms of his plea agreement with the Commonwealth unless the court specifically accepted the terms of that agreement. This inquiry, appellant argues, is a mandatory requirement for all guilty plea colloquies, and, absent such inquiry, it cannot be concluded that a guilty plea was knowingly and voluntarily tendered.

■ The purpose of a guilty plea colloquy is to ensure that a guilty plea is being knowingly, voluntarily and understandingly tendered by the defendant. See: *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976); *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). See also: *Commonwealth v. McClendon*, 403 Pa.Super. 467, 471, 589 A.2d 706, 708 (1991) (en banc); *Commonwealth v. Cole, supra* 387 Pa.Super. at 335–336, 564 A.2d at 206–207. The function of the colloquy has been more fully explained as follows:

"In order for a guilty plea to be constitutionally valid, the guilty plea colloquy must affirmatively show that the defendant understood what the plea connoted and its consequences." *Commonwealth v. Broadwater*, 330 Pa.Super. 234, 244, 479 A.2d 526, 532 (1984). This determination is to be made "by examining the totality of the circumstances surrounding the entry of the plea." *Id.* See: *Commonwealth v. Shaffer*, 498 Pa. 342, 350–351, 446 A.2d 591, 595–596 (1982); *Commonwealth v. Klinger*, 323 Pa.Super. 181, 194–195, 470 A.2d 540, 547 (1983). Thus, even though there

is an omission or defect in the guilty plea colloquy, a plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea. See: *Commonwealth v. Schultz*, 505 Pa. 188, 477 A.2d 1328 (1984); *Commonwealth v. Martinez*, 499 Pa. 417, 453 A.2d 940 (1982). See also: *Commonwealth v. Iseley*, 419 Pa.Super. 364, 377–378, 615 A.2d 408, 415 (1992).

*Commonwealth v. Fluharty*, 429 Pa.Super. 213, 218–221, 632 A.2d 312, 314–315 (1993). Therefore, "[w]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established." *Commonwealth v. Lewis*, 430 Pa.Super. 336, 339, 634 A.2d 633, 635 (1993).

The guilty plea colloquy conducted by the trial court in this case demonstrates that appellant tendered his pleas of guilty with full understanding of the nature of the charges to which he was pleading guilty, as well as the consequences of his pleas. The terms of his plea bargain with the Commonwealth were extensively reviewed upon the record, and, after accepting appellant's pleas of guilty, the trial court indicated that it would be bound by the terms of the plea bargain. The sentence subsequently imposed by the trial court was consistent with the plea bargain which appellant had made with the Commonwealth. Under these circumstances, there was no defect in the guilty plea colloquy which requires that appellant be permitted to withdraw his pleas of guilty.

The judgments of sentence are affirmed.