J-S59039-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM F. MCKNIGHT, | : | |
| | : | |
| Appellant | : | No. 1118 EDA 2014 |

Appeal from the Judgment of Sentence Entered March 27, 2014,
In the Court of Common Pleas of Wayne County,
Criminal Division, at No(s): CP-64-CR-0000285-2013

BEFORE:  SHOGAN, LAZARUS and STRASSBURGER*, JJ.

MEMORANDUM BY: STRASSBURGER, J.:            **FILED OCTOBER 06, 2014**

William F. McKnight (Appellant) appeals from the judgment of sentence entered March 27, 2014, following his conviction for prohibited offensive weapons.[1] We affirm.

The trial court outlined the relevant factual and procedural history of this case as follows.

> On August 6, 2013, [Appellant] was charged with one (1) count of Persons Not to Possess, Use, Firearms, Etc., a second degree felony [arising from an incident where he threatened the neighbors of his paramour, Denise Cassano, with multiple firearms.]  Attorney Richard Henry (hereinafter "Attorney Henry") was appointed as [Appellant's] public defender. The charge stemmed from the service of a search warrant for handguns, rifles, and/or shotguns at the [home of Cassano, where Appellant] was residing.

---

[1] 18 Pa.C.S. § 908(a).

* Retired Senior Judge assigned to the Superior Court.

[A pretrial motion *in limine* was filed, wherein Appellant challenged the validity of the search warrant. Cassano testified on Appellant's behalf and declared her ownership of the firearms alleged to have been possessed by Appellant during the incident. Appellant's motion was denied following a hearing in December 12, 2013.]

Prior to trial, [Appellant] advised Attorney Henry that he wished to proceed *pro se* in the matter due to their differences in opinion on how the case should be handled. On January 7, 2014, [Appellant] filed a Motion to Dismiss Court Appointed Counsel and to Proceed Pro Se. The [t]rial [c]ourt issued an order granting the motion. Attorney Henry was then appointed as stand-by counsel.

[Appellant's] case was set to go to trial during the January 2014 trial term. On January 13, 2014, on the morning of trial, plea negotiations between the Commonwealth and stand-by counsel for [Appellant] occurred. The Commonwealth amended the Information to include the charge of Make/Repair/Sell Etc. Offensive Weapons, a first degree misdemeanor, to which [Appellant] pled guilty. The [t]rial [c]ourt scheduled sentencing for March 27, 2014. One month prior to sentencing, [Appellant] filed a Motion to Withdraw Plea of Guilty. The [t]rial [c]ourt heard argument on the motion on the date set for sentencing. [Appellant's] Motion to Withdraw Plea of Guilty was denied, and [Appellant] was sentenced to undergo incarceration in a state correctional institut[ion] for a period of not less than eighteen (18) months nor more than forty-two (42) months.

Trial Court Opinion, 6/4/2014, at 1-2.

This timely appeal followed. The trial court did not direct Appellant to file a concise statement of errors complained of on appeal, and none was filed. Nonetheless, the trial court issued a 1925(a) opinion based upon the issues raised by Appellant in his notice of appeal. Appellant now asks this Court to consider whether the trial court erred in denying his motion to withdraw his guilty plea. Appellant's Brief at 4.

We begin by noting that "[a] trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." *Commonwealth v. Pardo*, 35 A.3d 1222, 1227 (Pa. Super. 2011) (quotation omitted).

Rule of Criminal Procedure 591 provides, in relevant part, as follows: "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). The two-part test for determining if withdrawal should be permitted is well-established: "If the trial court finds 'any fair and just reason,' withdrawal of the plea before sentence should be freely permitted, unless the prosecution has been 'substantially prejudiced.'" *Commonwealth v. Forbes*, 299 A.2d 268, 271 (Pa. 1973).

> Our jurisprudence has stressed that the individual's fundamental right to a trial requires a liberal granting of pre-sentence motions to withdraw guilty plea. Yet, it has also recognized there is no absolute right to a pre-sentence withdrawal of a plea, and has issued clear holdings that the denial of such a motion is proper where the evidence before the court belies the reason offered. *See Commonwealth v. Michael,* 562 Pa. 356, 755 A.2d 1274 (2000) (holding pre-sentence motion properly denied where defendant's claims of incompetency at time of guilty plea and difficulty in communicating with counsel were not supported by record).

*Commonwealth v. Tennison*, 969 A.2d 572, 578 (Pa. Super. 2009). Further, we have held that "an assertion of innocence may constitute a fair

and just reason for the pre-sentence withdrawal of a guilty plea."
***Commonwealth v. Miller****,* 639 A.2d 815, 816–817 (Pa. Super. 1994).

Instantly, in the *habeas corpus* petition attached to his motion to withdraw, Appellant declared himself an "innocent petitioner" and premised his request to withdraw on his belief that certain charging documents were falsified by the police. **See** *Pro Se* Pre-Trail [*sic*] Petition for Writ of Habeas Corpus, 2/24/2014. Specifically, Appellant's handwritten notes appear to indicate that he believes the search warrant's affidavit of probable cause is invalid for lack of a warrant control number or a docket number. **See** Exhibits to *Pro Se* Pre Trail [*sic*] Petition for Writ of *Habeas Corpus*, 2/24/2014. Moreover, Appellant alleges that certain witness statements are missing from one copy of the affidavit.[2] **Id.** Appellant also takes issue with what appears to be an incomplete draft of the search warrant, claiming it is invalid for lack of an affiant signature or warrant number. These documents were the subject of Appellant's pretrial motion *in limine*.

At the hearing on Appellant's motion to withdraw guilty plea the following exchange occurred, in relevant part:

> The Court: So, you want to withdraw your guilty plea. Why is it that you want to withdraw your guilty plea sir?

---

[2] Appellant attached to his petition what appear to be duplicate draft copies of the affidavit of probable cause attached to the application for a search warrant. He noted that in certain of these affidavits the testimony of witness Kim Tarquini has been deleted. **See** Exhibits to *Pro Se* Pre Trail [*sic*] Petition for Writ of Habeas Corpus, 2/24/2014.

[Appellant]: I found falsified documents by the police, your honor, which is now a matter of a petition in the Federal District Court[.]

The Court: And what specifically…

[Appellant]: The issues?

The Court: Are the reports you found to be, I'll use the word, inaccurate?

[Appellant]: … As far as I am concerned they were falsified by the Lehigh Township Police[.]

N.T., 3/27/2014, at 4, 5.

The trial court did not find Appellant's reasoning compelling, stating that Appellant's "bald allegations of falsified reports [are not] a fair and just reason to grant" his motion. Trial Court Opinion, 6/4/2014, at 4. We agree.

Appellant's tangential assertion of innocence, based upon issues with the apparently incomplete rough drafts of the affidavit of probable cause and search warrant, is not a fair and just reason to grant his request for a withdrawal. Moreover, as the trial court pointed out, Appellant "avoided going to jury trial by pleading guilty [to a reduced charge] on the morning [of trial] when all the jurors were gathered." N.T., 3/27/2014, at 5. Although we reiterate that pre-sentence requests to withdraw a guilty plea should be liberally granted, we find no error in the instant case. ***Commonwealth v. Walker***, 26 A.3d 525 (Pa. Super. 2011) (holding defendant's speculation that videotape exists to exonerate him was not "fair

and just" reason to permit him to withdraw plea, especially in light of fact that he twice pled guilty, and never expressly asserted innocence).

Thus, because the court did not abuse its discretion in determining that there was no "fair and just" reason to grant Appellant's motion to withdraw his plea, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Shogan joins the memorandum.

Judge Lazarus concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014