J-S16023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES E. ROWE, | |
| Appellant | No. 509 MDA 2014 |

Appeal from the Judgment of Sentence of February 18, 2014
In the Court of Common Pleas of Montour County
Criminal Division at No(s): CP-47-CR-0000126-2012

BEFORE:  PANELLA, OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                                **FILED JULY 09, 2015**

Appellant, James E. Rowe, appeals from the judgment of sentence entered on February 18, 2014 following his guilty pleas to statutory sexual assault and corruption of minors.  Following our Supreme Court's recent decision in **Commonwealth v. Carrasquillo**, -- A.3d. --, 2015 WL 3684430 (Pa. June 15, 2015), we affirm.

The trial court summarized the facts and procedural history of this case as follows:

> On June 11, 2013, [Appellant] pled guilty to [s]tatutory [s]exual [a]ssault (F-2) and [c]orruption of [m]inors (M-1). On that date, an [o]rder was issued referring the case to the Sexual Offenders' Assessment Board ("SOAB") for the required assessment.  The SOAB rendered its assessment on August 27, 2013 and sentencing was scheduled for September 3, 2013 and was continued at the request of [Appellant] until October 15, 2015.  On October 10, 2015, [Appellant] filed a [m]otion to [w]ithdraw [p]lea of [g]uilty

(the "Motion"). By [o]rder of October 11, 2013, the Motion was scheduled for a hearing on November 12, 2013.

[Appellant's] counsel appeared on November 12, 2013, as did [Appellant's] wife, but [Appellant] did not appear, despite proper notice[.] Although defense counsel asserted that [Appellant] was not present due to his grandmother allegedly being in a car accident in "upstate New York," [Appellant's] wife testified that [Appellant] did not have a family emergency and was not in New York, but was then in Shavertown, PA, and that the information regarding [Appellant's] grandmother was false. [The trial court] accepted [Appellant's] wife's testimony as credible, determined that [Appellant] had notice of the hearing on the Motion, and proceeded with the hearing on the Motion. In the absence of any evidence of a fair and just reason to warrant withdrawal of [Appellant's] guilty plea, [the trial court] denied the Motion. In [the trial court's] view, [Appellant] was granted notice and opportunity to be heard on the Motion and he chose to attempt to mislead and defraud [the trial court]. [Appellant] was granted a hearing, and he did not sustain his burden to prove a fair and just reason for withdrawal of his guilty plea.

On November 22, 2013, defense counsel John W. McDanel, Esq. filed a written [p]etition to [w]ithdraw as [c]ounsel (the "Petition"), citing [Appellant's] refusal to cooperate and communicate with Mr. McDanel. By [o]rder of November 25, 2013, a hearing was scheduled on December 16, 2013 on the Petition. On December 16, 2013, the Petition was granted and [Appellant] was also granted a continuance from his sentencing hearing also scheduled for that date. [Appellant] was admonished to secure counsel, and it was stated that no further continuances of [Appellant's] sentencing hearing would be granted.

Sentencing was continued to January 23, 2014 at which time [Appellant] sought a continuance. By [o]rder of January 23, 2014, a continuance was granted in an effort to accommodate [Appellant's] right to court appointed counsel. To further accommodate [Appellant's] right to counsel, successor counsel, Elizabeth A. Kulyeshie, Esq., was appointed in the [o]rder of January 23, 2014, and the [trial

court] made a telephone call to Ms. Kulyeshie on that date, notifying her of her appointment so as to maximize any preparation time that would be needed. Sentencing was rescheduled to February 18, 2014.

At the sentencing hearing of February 18, 2014, Ms. Kulyeshie asserted an oral motion to withdraw guilty plea. The oral motion was denied []as having been previously filed and adjudicated. [The trial court] cited [Appellant's] intentional misrepresentation to the [c]ourt as to his whereabouts at the time of the hearing on the Motion and the credible testimony of his wife in that regard. The [c]ourt proceeded with sentencing [and imposed an aggregate term of imprisonment of 15 to 36 months].

Trial Court Opinion, 7/24/2014, at 1-3 (record citations omitted). This timely appeal resulted.[1]

Appellant presents the following issue for our review:

Whether the trial court erred in denying [] Appellant's motion to withdraw his guilty plea.

Appellant's Brief at 4 (complete capitalization omitted).

Appellant argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea prior to sentencing. Appellant asserts the trial court erred when it determined that Appellant failed to meet his burden of proving a fair and just reason to withdraw his plea. *Id.* at 7. He maintains that in requesting the withdrawal of his guilty plea he "was asserting his innocence" which "has been deemed a fair and just reason for

---

[1] Appellant filed a timely notice of appeal on March 19, 2014. On March 27, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely on April 22, 2014. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 24, 2014.

seeking withdraw[al]." *Id.* at 11. Appellant claims his mere articulation of innocence sufficed. *Id.* Appellant also argues that the trial court erred when it heard testimony from Appellant's estranged wife at the hearing on the motion to withdraw wherein she "basically yell[ed] out from the galley." *Id.* Appellant asserts that the trial court further compounded its error by not allowing him to articulate his reasons for withdrawing his guilty plea when he renewed his request by oral motion at the sentencing hearing. *Id.* Finally, Appellant contends "the Commonwealth presented no evidence or testimony that [it] would be substantially prejudiced by withdrawal." *Id.*

"A decision regarding whether to accept a defendant's presentence motion to withdraw a guilty plea is left to the discretion of the sentencing court." *Commonwealth v. Unangst*, 71 A.3d 1017, 1019 (Pa. Super. 2013). Regarding a trial court's discretion, our Supreme Court has declared:

> An abuse of discretion exists when the trial court has rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will. A finding by an appellate court that it would have reached a different result than the trial court does not constitute a finding of an abuse of discretion.

*Commonwealth v. Banks*, 29 A.3d 1129, 1135 (Pa. 2011) (citation omitted).

"Prior to the imposition of sentence, a defendant should be permitted to withdraw his plea for any fair and just reason, provided there is no substantial prejudice to the Commonwealth." *Unangst*, at 1020. Our

Supreme Court recently decided **Carrasquillo** "to clarify whether the common pleas court must accept a bare assertion of innocence as a fair and just reason for withdrawal[]" of a guilty plea.[2] **Carrasquillo**, at *8. The **Carrasquillo** Court ultimately determined:

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.
>
> * * *
>
> […A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason from presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas court.

**Carrasquillo**, at *12-14 (citations and footnote omitted). The **Carrasquillo** Court also noted that the timing of a defendant's innocence claim is a factor

_____

[2] "In order to be applied to a defendant, the new decision must be handed down during the pendency of the defendant's direct appeal and the issue must be properly preserved during that direct appeal." **Commonwealth v. Carr**, 535 A.2d 1120, 1125 (Pa. Super. 1987) (emphasis omitted). Here, Appellant has always asserted that his claim of innocence was a fair and just reason for withdrawal of his guilty pleas and preserved that issue for our review. There is no question that **Carrasquillo** was decided during the pendency of Appellant's direct appeal.

for the trial court's consideration in guilty plea withdrawal matters. *Id.* at *13.

In the case at bar, the trial court concluded:

> […Appellant] was granted notice and an opportunity to b[e] heard, and he failed to sustain his burden of proving a fair and just reason for seeking to withdraw his guilty plea. [Appellant] not only knew about the hearing, but intentionally lied to his attorney to attempt to justify his failure to attend the hearing. He had his day in court on his Motion and the Motion was denied for failure to sustain his burden of proof.
>
> * * *
>
> [Appellant] was granted his due process on the Motion and he consciously chose not to attend the hearing on the Motion on November 12, 2013. The matter had been adjudicated in a manner which granted [Appellant] his due process, but he flouted the system and threw away his opportunity to be heard by choosing not to attend the hearing and in lying to his attorney, who unwittingly relayed the false information to the Court regarding the reasons for [Appellant's] absence. No court has the time to entertain repeated identical motions from a defendant who will pick and choose when he is good and ready to appear for his motions. The denial of the Motion by [o]rder of November 12, 2013 is the law of the case and *res judicata*.

Trial Court Opinion, 7/24/2014, at 3-4.

Upon review of the record, we discern no abuse of discretion in denying Appellant's request to withdraw his guilty plea prior to sentencing. On June 11, 2013, Appellant pled guilty to statutory sexual assault and corruption of a minor. Approximately four months later, on October 10, 2013, counsel for Appellant filed a motion to withdraw the guilty plea. In that motion, counsel averred that Appellant "asserts that he is innocent of

the charges against him and did not commit any of the charged offenses." Motion to Withdraw Plea of Guilty, 10/10/2013, at ¶ 5. However, as the Commonwealth points out, the motion was not verified and Appellant did not affix an affidavit to the motion specifying "that the facts [we]re verified subject to the penalties for unsworn falsification to authorities." Pa.R.Crim.P. 575(g). The trial court scheduled a hearing on the guilty plea withdrawal motion on November 12, 2013. Appellant did not appear.

At the hearing, defense counsel stated that Appellant "indicated … he was in upstate New York with his grandmother who was in a car accident." N.T., 11/12/2013, at 3. Appellant's wife, "who posted bail [was] also [present] and she [knew Appellant] was aware of [the] proceeding." *Id.* Under oath,[3] Appellant's wife testified that Appellant did not have a family emergency and told her "he was going to state that he had a family emergency so he would not have to" appear. *Id.* at 4. Thereafter, the following exchange between defense counsel, John McDanel, Esquire, and the trial court ensued:

> The Court: […] Mr. McDanel, do you have any evidence – we're going to go forward with this motion to withdraw guilty plea even in [Appellant's] absence

---

[3]  We reject Appellant's characterization of his wife's testimony as mere statements blurted out in open court. In fact, the trial court called Mrs. Rowe to the stand and swore her in before asking her direct questions under oath.

|  |  |
|---|---|
|  | because he should have been here. Do you have any evidence to help sustain that motion? I suspect not without your client. |
| Mr. McDanel: | He asserts his innocence. |
| The Court: | Without him here? |
| Mr. McDanel: | We're going to go without him here. |
| The Court: | It puts you in a difficult position, but the burden of proof still is on [Appellant] to carry the elements of withdrawing a guilty plea, but if he's not here and hasn't availed himself of the hearing that has been accorded to him. |
| Mr. McDanel: | With all due respect, if that's how the [c]ourt's going to go, we obviously can't go forward without him here. |
| The Court: | Or we can adjudicate it in his absence for failure to sustain the burden of proof. And I do lend credibility to what Mrs. Rowe said which we're not going to mess around and waste time scheduling and rescheduling and rescheduling hearings on motions to withdraw guilty plea, if he doesn't see fit to attend. So that's why I'm being kind of hard about it. |
| Mr. McDanel: | I understand. All I would indicate without a client here is we made an allegation in the petition that he was innocent of the charges, there was no answer submitted to the contrary. |
| The Court: | There is no requirement of an answer to be submitted. |
| Mr. McDanel: | I understand that. |

> The Court:          And I sympathize.

*Id.* at 5-6. The trial court ultimately determined that "upon failure of [Appellant] to present any evidence [], it [] found that [Appellant] failed to sustain his burden of proof and his motion to withdraw plea of guilty [was] denied." *Id.* at 7.

Following the hearing on November 12, 2013, the trial court entered an order denying Appellant relief. Thereafter, the case proceeded to sentencing. At the sentencing hearing, newly appointed counsel asked the trial court to reconsider Appellant's motion to withdraw his guilty plea. N.T., 2/18/2014, at 2. Pointing to Appellant's failure to attend the hearing on his motion to withdraw his guilty plea, as well as the testimony of Appellant's wife at that hearing, the trial court denied relief. *Id.* at 2-3. The trial court then offered Appellant his right to allocution; Appellant chose not to speak. *Id.* at 7.

Based upon all of the foregoing, Appellant did not offer a plausible innocence claim that demonstrated "in and of itself, a fair and just reason from presentence withdrawal of a plea." *Carrasquillo*, at *14. Appellant did not make a "colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice." *Id.* In fact, Appellant did not offer **any** reason to withdraw. The unverified motion amounted to an assertion of innocence by defense counsel, but not Appellant. There is no dispute that Appellant received notice of the hearing set for the motion to withdraw, but then failed to attend. Defense counsel

did not present any other evidence at the hearing or at the sentencing hearing prior to imposition of sentence. Thus, Appellant never presented sworn testimony asserting his innocence. Accordingly, Appellant presented the trial court with, at most, a bald, unsupported assertion by defense counsel that Appellant was innocent.

Appellant does not claim that a bald, unverified motion asserting innocence, advanced without support of record evidence, warrants the withdrawal of a guilty plea. Moreover, our independent research efforts reveal no support for this view. In fact, upon review of the cases collected by our Supreme Court in **Carrasquillo**, those decisions reveal that, at a bare minimum, defendants must be present at scheduled hearings on their motions to personally assert their innocence. **See Carrasquillo**, at *2 (At the hearing to withdraw the guilty plea, Carrasquillo "insisted that a polygraph test would prove his innocence and asked to withdraw his guilty plea."); **see also Commonwealth v. Hvizda**, 2015 WL 3795936, at *1 (Pa. 2015) (companion case to **Carrasquillo**) ("At the hearing, [Hvizda] again stated that he was innocent, but he offered no evidence."); **see also Commonwealth v. Forbes**, 299 A.2d 268, 269 (Pa. 1973) ("appellant expressed a desire to withdraw his guilty plea because, as he stated, 'I don't want to plead guilty to nothing I didn't do.'"); **see also Commonwealth v. Katonka**, 33 A.3d 44, 49 (Pa. Super. 2011) (*en banc*) (citing notes of testimony from the hearing on the motion to withdraw a guilty plea, "Katonka specifically asserted that he was innocent of the crimes and this

assertion was neither contradictory nor conditioned on some other event.");

***see also generally Commonwealth v. Miller***, 639 A.2d 815 (Pa. Super. 1994) (upon written motion and in person at a subsequent hearing, Miller asserted his innocence.). Here, Appellant never personally asserted his innocence, let alone offered a plausible reason for withdrawing his guilty plea. Accordingly, we discern no abuse of discretion by the trial court in denying Appellant's bald, unsupported assertion of innocence to withdraw his pre-sentence guilty plea. Appellant's sole appellate claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/2015