J-S54025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PEDRO EWING | : | |
| | : | |
| Appellant | : | No. 225 MDA 2019 |

Appeal from the Judgment of Sentence Entered January 4, 2019
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s):  CP-40-CR-0004338-2015

BEFORE:  BOWES, J., LAZARUS, J., and DUBOW, J.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 26, 2019**

Pedro Ewing appeals from the judgment of sentence, entered in the Court of Common Pleas of Luzerne County, following his conviction for two counts of involuntary deviate sexual intercourse (IDSI),[1] statutory sexual assault,[2] corruption of minors,[3] and unlawful contact with minors.[4]  Ewing argues that the trial court abused its discretion when it denied his motion to withdraw his no contest plea.  After careful review, we affirm.

On September 12, 2015, Ewing brought A.W., a 14 year old autistic girl, to his room.  While in the room, Ewing talked with A.W. and gave her drugs.

---

[1] 18 Pa.C.S. § 3123(a)(7).

[2] 18 Pa.C.S. § 3122.1(b).

[3] 18 Pa.C.S. § 6301(a)(1)(i).

[4] 18 Pa.C.S. § 6318(a)(1).

He then attempted to have vaginal intercourse with A.W. When he was unable to have vaginal intercourse, he proceeded to have oral intercourse with A.W. and forced A.W. to engage in oral intercourse with him.

On September 14, 2015, Ewing was charged with the above-mentioned crimes. On April 18, 2016, as part of a plea agreement, Ewing pled guilty to unlawful contact with minors and the Commonwealth withdrew the remaining charges. However, prior to sentencing, Ewing requested that the trial court allow him to withdraw his guilty plea. The trial court granted the request on October 28, 2016, and the case was set for trial. On May 17, 2018, the Commonwealth amended the information to include the original charges.

Ewing was called for trial on October 29, 2018. On that day, prior to jury selection, Ewing pled no contest to all charges, which the court accepted and subsequently scheduled sentencing for January 4, 2019. On January 2, 2019, Ewing filed a *pro se* motion to withdraw his no contest plea. The court allowed Ewing to make the same motion orally through his counsel at the sentencing hearing. The court denied Ewing's motion and sentenced him to an aggregate term of 18 to 36 years' incarceration. Ewing improperly filed a post-sentence motion and notice of appeal *pro se*. On February 4, 2019, Ewing's counsel properly filed this timely appeal.[5]

---

[5] In its Rule 1925(a) opinion, the trial court argued that this appeal should be quashed as premature. The trial court noted that a sexually violent predator (SVP) hearing had not occurred and then held that the order was not final until Ewing has an SVP determination. This Court has previously found that,

Ewing's sole issue on appeal is that the trial court abused its discretion when it denied his motion to withdraw his no contest plea. Ewing argues that the trial court did not give him an opportunity to substantiate his assertion of innocence.

"The effect of a *nolo contendere* plea in Pennsylvania . . . when accepted . . . is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act." ***Eisenberg v. Commonwealth***, 516 A.2d 333, 335 (Pa. 1986) (citing ***Commonwealth v. Ferguson***, 44 Pa. Super. 626, 628 (1910)) (internal quotation marks omitted). "[I]n terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." ***Commonwealth v. Miller***, 748 A.2d 733, 735 (Pa. Super. 2000). We analyze a trial court's denial of a pre-sentence motion to withdraw either plea using the same standard. ***See Commonwealth v. Norton***, 201 A.3d 112, 122 (Pa. 2019).

"A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion. An abuse of discretion exists when a defendant shows any 'fair and just' reasons for

_____

when a defendant waives a pre-sentence SVP determination, a judgment of sentence is not a final order until there is an SVP determination. ***See Commonwealth v. Schrader***, 141 A.3d 558 (Pa. Super. 2016). However, in light of our recent ruling that SVP hearings are unconstitutional using the "clear and convincing" standard, there is currently no statutory mechanism to make an SVP determination. ***See Commonwealth v. Butler***, 173 A.3d 1212, 1218 (Pa. Super. 2017) (appeal granted 190 A.3d 581 (Pa. 2018)). Thus, the judgement of sentence was the final order in this case. ***See*** 42 Pa.C.S. § 742.

withdrawing his plea absent 'substantial prejudice' to the Commonwealth." *Commonwealth v. Pardo*, 35 A.3d 1222, 1227 (Pa. Super. 2011) (quoting *Commonwealth v. Prysock*, 972 A.2d 539, 541 (Pa. Super. 2009); *see also Commonwealth v. Anthony*, 475 A.2d 1303, 1308 (Pa. 1984)).  "[A]n assertion of innocence may constitute a fair and just reason for the pre-sentence withdrawal of a guilty plea."  *Commonwealth v. Miller*, 639 A.2d 815, 816-17 (Pa. Super. 1994); *see Commonwealth v. Forbes*, 299 A.2d 268, 271 (Pa. 1973).  However, a mere assertion of innocence is not sufficient.  *Commonwealth v. Carrasquillo*, 115 A.3d 1284, 1292 (Pa. 2015).  Rather, a defendant seeking to withdraw must demonstrate that his claim of innocence is plausible and granting the withdrawal will promote fairness and justice.  *Commonwealth v. Norton*, 201 A.3d 112, 120-21 (Pa. 2019).

Here, Ewing claimed that he was not guilty of the IDSI charges and that the unlawful contact with a minor charge was a "cover-up."  N.T. Trial, 1/4/19, at 4.  He did not claim he was innocent of the remaining charges.  In his attempt to show his claim of innocence was plausible, Ewing argued that he did not meet A.W. until a day after the crimes occurred, but he admitted he bore "some guilt in this."  *Id.* at 5.  Ewing's argument is implausible because he claims he was not present when the crimes occurred, but he did commit other crimes involving A.W. at the same time.  *See Norton*, 201 A.3d at 120-21 (requiring, inter alia, claim of innocence be plausible).  Furthermore, Ewing waited until two days before sentencing to change his plea.  The trial court noted that Ewing had three years to decide whether to proceed to trial or enter

a plea, and the court concluded that his innocence claim was "nothing more than an attempt to further delay the imposition of justice." Trial Court Opinion, 3/22/19, at 5. We agree. After our review, we are unable to find that the trial abused its discretion. ***See Pardo***, ***supra***.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019