J-S02010-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| T.B. | : | |
| | : | |
| Appellant | : | No. 524 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 12, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004781-2023

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| T.B. | : | |
| | : | |
| Appellant | : | No. 525 EDA 2024 |

Appeal from the Judgment of Sentence Entered January 12, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004784-2023

BEFORE: LAZARUS, P.J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, P.J.: **FILED MAY 14, 2025**

T.B. appeals from the judgment of sentence,[1] entered in the Court of

Common Pleas of Philadelphia County, after he entered an open guilty plea to

_____

[1] The instant appeal concerns acts committed against two of T.B.'s children. Those cases are listed at the above-captioned docket numbers in the court below. Because T.B. filed separate notices of appeal at each appellate docket number, wherein each notice listed the above-captioned docket numbers he
*(Footnote Continued Next Page)*

two counts each of aggravated assault,[2] conspiracy to commit aggravated assault,[3] endangering the welfare of a child,[4] corruption of minors,[5] simple assault,[6] and recklessly endangering another person.[7]  On appeal, T.B. asserts his guilty plea was not entered knowingly, intelligently, and voluntarily, and that his sentence was excessive.  After careful review, we affirm.[8]

The trial court summarized the facts of the case as follows:

> Over the course of approximately two years, [T.B.] and three codefendants abused [T.B.'s] two children.  [T.B.'s] oldest child, [his son], was between 8 and 10 years old during this time[], and his youngest, [his daughter,] was between 6 and 8 years old. [T.B.'s] home did not have electricity or running water and was

_____

did not run afoul of **Commonwealth v. Walker**, 158 A.3d 192 (Pa. Super. 2016).  **See Commonwealth v. Johnson**, 236 A.3d 1141 (Pa. Super. 2020) (where defendant appealed from four docket numbers and filed four notices of appeal, he complied with **Walker**; fact each notice of appeal listed all four docket numbers did not invalidate notices of appeal).  Nevertheless, our Court advised T.B. to file amended notices of appeal containing one docket number on each notice of appeal, which he did on May 21, 2024.  **See Commonwealth v. Young**, 265 A.3d 462 (Pa. 2021) (where timely appeal erroneously filed at only one docket, Pa.R.A.P. 902 permits appellate court, at its discretion, to allow correction of error, where appropriate).

[2] 18 Pa.C.S.A. § 2702(a)(9).

[3] **Id.** at § 903(a)(1).

[4] **Id.** at § 4304(a)(1).

[5] **Id.** at § 6301(a)(1)(i).

[6] **Id.** at § 2701(a).

[7] **Id.** at § 2705.

[8] On May 28, 2024, our Court granted T.B.'s application to consolidate the two appeals.  **See** Order, 5/28/24.

infested with mice and bedbugs. The children would go days without eating or bathing, and wore dirty and soiled clothes. [T.B.] regularly hit both children. [Once, T.B.] shoved [his son] in the face so hard that he knocked [his son's] teeth out, and struck [his daughter] in the face so hard the he broke her tooth. [T.B.] did not take the children to the doctor or dentist for years, and as a result, both children required dental work once they were removed from his care. [T.B.'s son] required 7 fillings, 2 crowns, 2 teeth pulled, and received a nerve treatment. [T.B.'s daughter] required 3 fillings, 6 crowns, 5 teeth pulled, and received a nerve treatment. [T.B.'s daughter] also had an untreated abscess in her mouth. [T.B.'s daughter]'s hair was so matted that it had to be cut short when she was removed from [T.B.'s] care. [T.B.] often took the children with him when he went to purchase narcotics, used drugs in front of his children, and put crushed pills in [his daughter]'s medicine to get her to sleep. Both children missed almost a full two years of school. The case was ultimately brought to the attention of authorities early in the 2022/2023 school year because the children were truant. The children did not disclose the abuse earlier because their parents threatened to hit them if [the Department of Human Services] became involved.

Trial Court Opinion, 4/15/24, at 1-2 (citations omitted).

On October 3, 2023, T.B. entered an open guilty plea to the above-cited offenses and, on January 12, 2024, was sentenced to an aggregate term of 9 to 18 years' confinement, followed by 2 years' probation.[9] T.B. did not object to his sentence at his sentencing hearing and did not file post-sentence motions. T.B. was advised of his right to file post-sentence motions and his right to appeal. N.T. Sentencing Hearing, 1/12/2024, at 24-25.

_____

[9] Specifically, T.B. was sentenced to 4½ to 9 years of consecutive confinement for each count of aggravated assault, and two years' probation for all remaining charges, all to run concurrent to each other and consecutive to the confinement. The court had the benefit of a presentence investigation report (PSI) when sentencing T.B.

T.B. filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. T.B. raises the following issues for our consideration:[10]

> (1) [T.B.] contends the guilty pleas were induced by plea[]counsel [where] the totality of the circumstances surrounding the plea establish it was not entered into knowingly, intelligently, and voluntarily, resulting in a manifest injustice [and where T.B.] asserts factual innocence to the aggravated assault charges[.]
>
> (2) Was the consecutive [] nature [of the] sentence excessive, more than necessary to protect the public, [and did it] vindicate the victims and rehabilitate [T.B. where T.B.] was remorseful and accepted responsibility with the non-negotiated guilty plea, [T.B.] is a victim of a traumatic childhood [who] is in need of drug addiction treatment, and [T.B.] had no prior criminal convictions at the time of sentencing?

Appellant's Brief, at 8.[11]

T.B. argues that the facts were insufficient to establish the offense of aggravated assault with regard to both minor victims, where they sustained broken teeth due to him smacking them in the face. Specifically, T.B. asserts that broken teeth and the force used to break the teeth (slap to the face) do not equate to "serious bodily injury" under the aggravated assault statute. *See* 18 Pa.C.S.A. § 2702. Accordingly, he concludes that due to the lack of a

---

[10] We have reordered the issues for efficiency and clarity.

[11] On March 2, 2024, T.B. filed an application for remand to file a post-sentence motion in this Court. On April 3, 2024, this Court denied that request without prejudice to T.B.'s right to re-raise the request for remand/transfer in a motion before the panel of this Court assigned to decide the merits of the appeal by either refilling the motion or raising it in his appellate brief. *See* Per Curiam Order, 4/3/24.

factual basis for his plea, he entered into the plea unknowingly, unintelligently, and involuntarily. Appellant's Brief, at 28.

Additionally, T.B. argues that the court abused its discretion by sentencing him to two consecutive 4½ to 9 year sentences, a discretionary aspect of sentencing claims. *See id.* at 21. T.B. recognizes that the sentences are within the sentencing guidelines, but asserts they are excessive as applied to him because he was remorseful, has a work history, is in need of drug treatment, and has a prior record score of "0." *Id.* at 23. T.B. also argues that a shorter sentence would achieve the goals of the Sentencing Code and that it is likely he would be better rehabilitated outside of prison. *Id.* at 24.

After a review of the record, we conclude that T.B.'s claims are waived. First, T.B.'s guilty plea claims are waived on appeal because he failed to challenge the voluntariness of his plea either at the plea colloquy or through the filing of a motion to withdraw his plea within ten days of the imposition of his sentence. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2006).

In addition, T.B.'s discretionary aspects of sentencing claims have not been properly preserved on appeal because plea counsel failed to object at sentencing or by filing a post-sentence motion. *See* Pa.R.Crim.P. 720(B). *See also Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005) ("Issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the

sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.").

Because T.B. did not take the necessary steps to preserve his claims on appeal, they are waived.[12]

---

[12] Even if T.B.'s claims were not waived, he is not entitled to relief. After examining the totality of the circumstances surrounding the entry of the plea, we conclude that T.B.'s guilty plea was knowing, intelligent, and voluntary, as he completed two written guilty plea colloquies, each confirming that he was satisfied with his attorney, was pleading guilty of his own free will, and understood the nature of the charges against him. Additionally, the trial court conducted an oral colloquy at the time of T.B.'s plea. *See Commonwealth v. Miller*, 639 A.2d 815, 820 (Pa. Super. 1994) (to determine whether plea was knowing, intelligent, and voluntary, courts must "examin[e] the totality of the circumstances surrounding the entry of the plea"). *See also Commonwealth v. Hodges*, 789 A.2d 764, 765 (Pa. Super. 2002) (explaining manifest injustice can be established by showing plea was not knowing, intelligent, or voluntary).

Additionally, the trial court did not abuse its discretion when sentencing T.B. where the trial court considered the PSI, the sentencing guidelines, counsel's argument, T.B.'s allocution, victim impact statements, and mitigating factors. *See Commonwealth v. Ventura*, 975 A.2d 1128, 1135 (Pa. Super. 2009) (where a trial court is informed by PSI, we presume the court is aware of appropriate sentencing factors and consideration). Moreover, we note that it is within the trial court's discretion to decide if multiple sentences should run concurrently or consecutively. *See Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), quoting *Commonwealth v. Hoch*, 936 A.2d 515, 518 (Pa. Super. 2009) ("[T]he appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision."). *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) ("a sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question").

Judgment of sentence affirmed.[13]

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/14/2025

_____

[13] Further, we conclude remand is not warranted.  T.B. does not provide us with a legal basis to support his request to have this Court remand to the trial court to allow him to file post-sentence motions *nunc pro tunc*.  In fact, the entirety of his argument consists of a single sentence stating, "appellant respectfully requests that this panel remand this matter to the lower court[,] but retain jurisdiction, so that the appellant may have the opportunity to raise these issues in a post-sentence motion, *nunc pro tunc*."  Appellant's Brief, at 30.  Based on the facts, we do not find that T.B. has presented any, let alone sufficient, cause to justify remand.  ***See e.g., Commonwealth v. Dreves***, 839 A.2d 1122, 1128 (Pa. Super. 2003) (explaining *trial court* has discretion to grant request to file post-sentence motions *nunc pro tunc*, but "[t]o be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, i.e., reasons that excuse the late filing").  Therefore, we herein deny T.B.'s request for remand.