569 A.2d 964

**COMMONWEALTH of Pennsylvania**

v.

**Curtis G. JACKSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 10, 1989.

Filed Feb. 13, 1990.

Sondra R. Rodrigues, Philadelphia, for appellant.

Donna G. Zucker, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and DEL SOLE and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order denying appellant's motion to withdraw his plea of *nolo contendere* after

imposition of sentence.[1] For the reasons that follow, we affirm.

Appellant, Curtis G. Jackson, pled no contest to charges of rape,[2] unlawful restraint[3] and possessing an instrument of crime[4] in connection with an incident that occurred on April 4, 1987. On that date, a woman was abducted and raped at knifepoint in the back seat of a rental automobile. The victim identified appellant as the perpetrator of these crimes. After accepting appellant's plea, the lower court sentenced him to serve concurrent terms of incarceration of two and one-half (2½) to five (5) years for unlawful restraint, two and one-half (2½) to five (5) years for the possession of an instrument of crime, and ten (10) to twenty (20) years on the rape charge. After sentencing, appellant filed a motion to withdraw his plea along with a motion to modify sentence. The lower court denied both motions without a hearing.

Represented by new counsel in the instant timely appeal, appellant presents the following issues for our consideration: (1) whether the lower court committed abuse of discretion by denying, without a hearing, appellant's motion to withdraw his plea where the court accepted the plea as voluntary, knowing and intelligent even though appellant was under the influence of potentially mind-altering drugs and his judgment may have been impaired; and (2) whether appellant received ineffective assistance of counsel where (a) he could not effectively communicate with trial counsel, and (b) trial counsel failed to file a motion to withdraw appellant's plea before sentencing.

 Appellant first argues that he should have been permitted to withdraw his *nolo contendere* plea after sen-

---

**1.** Denial of a motion to withdraw a guilty plea post-sentence is appealable. *See* Pa.R.A.P., Rule 343, 42 Pa.C.S.A. and Pa.R.Crim.P., Rule 321, 42 Pa.C.S.A. Appellate review of a *nolo contendere* plea is treated in the same fashion as is a guilty plea. *Commonwealth v. Jackson*, 376 Pa.Super. 433, 546 A.2d 105 (1988).

**2.** 18 Pa.C.S.A. § 3121.

**3.** *Id.* § 2902.

**4.** *Id.* § 907.

tencing because it was not voluntary, knowing and intelligent as a result of the "potentially mind-altering drugs" he was taking. Withdrawal of a guilty plea after sentencing will only be permitted in this Commonwealth upon a showing of prejudice amounting to manifest injustice. *Commonwealth v. Schultz*, 505 Pa. 188, 477 A.2d 1328 (1984); *Commonwealth v. Vance*, 376 Pa.Super. 493, 546 A.2d 632 (1988), *allocatur denied*, 521 Pa. 620, 557 A.2d 723 (1989); *Commonwealth v. Leonhart*, 358 Pa.Super. 494, 517 A.2d 1342 (1986), *allocatur denied*, 515 Pa. 620, 531 A.2d 428 (1987). Such a rule prevents potential abuse of the plea as a sentence testing device. *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982). A plea rises to the level of manifest injustice when it is entered into involuntarily, without understanding the nature of the charges, without knowledge of the factual basis of the charges, because of threats or coercion, because the prosecutor did not recommend a plea-bargained sentence, because the bargained-for sentence was not imposed, or because an accused proclaims his innocence. *Id.* An on-the-record inquiry is required to insure that the accused understands the crimes with which he is charged and the rights which are waived. Pa.R. Crim.P., Rule 319(a), 42 Pa.C.S.A.; *Commonwealth v. Glaze*, 366 Pa.Super. 517, 522, 531 A.2d 796, 798 (1987). As previously stated, appellate review of a *nolo contendere* plea is the same as for a guilty plea. *Commonwealth v. Jackson, supra.*

■ Appellant has not contended that the illness for which he was taking medication made him incompetent to enter a knowing, voluntary and intelligent plea. Rather, he argues that the medication he was taking interfered with his capabilities. The mere fact that a defendant was under medication at the time of his plea does not, of itself, entitle him to withdraw his plea. *Commonwealth v. Hazen*, 315 Pa.Super. 557, 462 A.2d 732 (1983). In *Hazen*, a panel of this court found that a sedated patient competently entered his plea where the lower court stated he showed no signs of being influenced by medication at the plea hearing, and

where the colloquy transcript showed he cogently answered each question addressed to him. *Id.*, 315 Pa.Superior Ct. at 563, 462 A.2d at 735.

Our inspection of the plea hearing transcript reveals that the trial court was completely informed regarding the nature of appellant's alleged illness or condition. The trial court explicitly discussed the prescription drugs appellant was taking at the time he entered his plea. Appellant stated that he had no problems understanding the trial judge. At no time during the colloquy did appellant give any indication that he failed to understand the court's explanation of the rights he was waiving by entering a *nolo* plea, nor does the record indicate that appellant was unable to follow the proceedings. Rather, appellant consistently responded in an appropriate manner to all questions posed by the lower court. We note that appellant has not pointed to a specific matter which he did not understand and which would have caused him to assert his right to a trial. Further, it is clear from the transcript that the trial judge was convinced appellant's plea was valid. Appellant simply has not demonstrated that a manifest injustice has occurred in the instant case. We therefore affirm on this issue.

Appellant next alleges that he received ineffective assistance of counsel because he was not able to effectively communicate with trial counsel, and because trial counsel never filed a motion to withdraw appellant's plea. The burden of establishing ineffective assistance of counsel rests upon the appellant because counsel's stewardship is presumed to be effective. *Commonwealth v. McNeil*, 506 Pa. 607, 487 A.2d 802 (1985); *Commonwealth v. Smith*, 380 Pa.Super. 619, 552 A.2d 1053 (1988). Appellant's obligation is to demonstrate both that "the omission or commission by counsel was arguably ineffective *and* the likelihood that he was prejudiced as a result." *Commonwealth v. Pierce*, 515 Pa. 153, 161, 527 A.2d 973, 976 (1987) (emphasis in original).

The initial inquiry in an ineffectiveness claim is always "whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of

ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for failing to assert a meritless claim." *Commonwealth v. Durst*, 522 Pa. 2, 4, 559 A.2d 504, 505 (1989). If this threshold is met, it must next be determined whether the particular course followed by counsel had no reasonable basis designed to effectuate his client's interests. *Id.* The final inquiry is to establish the precise manner in which counsel's commission or omission prejudiced the appellant. *Id.* In making assertions of ineffectiveness, an appellant must allege sufficient facts upon which a reviewing court can conclude that trial counsel may have been ineffective because the appellate courts will not consider such claims in a vacuum. *Id.; Commonwealth v. Pettus*, 492 Pa. 558, 424 A.2d 1332 (1981).

■ Appellant bases his claim that he could not effectively communicate with his attorney on the fact that appellant told the lower court judge at the plea colloquy that he was unable to understand his attorney on that day. However, a fair review of the entirety of the exchange between the court and appellant, indicates that appellant could understand the proceedings and was able to communicate with the court and with counsel:

By the court:

Q. Are you today, right now, under the influence of any medicines, or drugs or [sic] of any kind?

A. I'm taking medication at the—at Holmesburg, affect my mood. [Sic.]

Q. What are you taking?

A. Haldol and Congentin.

Q. Prescribed by the doctors there?

A. Yes.

Q. Have you had any problems understanding me?

A. No.

Q. Do you know why you're here?

A. Yes.

Q. Do you know what you're charged with?

A. Rape.

Q. Have you had any problems understanding your attorney today, Mr. Stewart, understanding what he's talking about and things like that?

A. Yes.

Q. You have had problems?

A. No, well, you know, the decision wasn't this sudden.

Q. I understand that. Have you had any problems talking about what's going on?

A. No.

N.T. 2/8/88 at 3-4. Appellant demonstrated that he was cognizant of the import of the colloquy by questioning the judge about the circumstances under which a jury could be disqualified or discharged, and by requesting that the court halt the proceedings to permit a private consultation with trial counsel. *Id.* at 12 and 17. We see no indication in the colloquy transcript that appellant was unable to communicate with counsel on the day of the plea hearing. Nor has appellant offered sufficient additional or alternative facts to substantiate his assertion of ineffectiveness under the standard delineated by *Commonwealth v. Durst* and *Commonwealth v. Pettus, supra.*

The second part of appellant's ineffectiveness claim is that trial counsel failed to file a motion to withdraw appellant's plea before sentence was imposed. The trial court may, in its discretion, allow a defendant to withdraw a guilty plea prior to sentencing for any fair and just reason unless the prosecution has been substantially prejudiced by reliance upon the defendant's plea. *Commonwealth v. Shaffer, supra* 498 Pa. at 345, 446 A.2d at 593. Such a request should be liberally allowed because a guilty plea involves the waiver of many constitutional rights. *Id.* at 346, 446 A.2d at 593. The existence of substantial prejudice to the Commonwealth is the crucial factor in determining whether to allow a presentence plea withdrawal. *Commonwealth v. McLaughlin,* 469 Pa. 407, 412, 366 A.2d 238, 241 (1976).

■ Assuming, *arguendo*, that appellant has advanced a claim of arguable merit, he has still failed to demonstrate that counsel's course of conduct had no reasonable basis designed to effectuate his client's interests as required by *Commonwealth v. Durst, supra.* The evidence which the Commonwealth was prepared to present at trial was indeed formidable. The rape victim had positively identified appellant via photographic array and at a police line-up. Further, the victim remembered the license number of the vehicle in which she was raped. The automobile rental agent who conveyed this car to appellant was not only ready to testify to that fact, but also that appellant took possession of the vehicle prior to the time of the rape and did not return it until after the rape. Additionally, the Commonwealth had extensive medical evidence taken immediately following the complainant's rape.

We note that appellant does not allege that he ever asked counsel about the possibility of withdrawing his plea prior to sentencing nor does he contend that he ever requested counsel to make such a motion. We therefore conclude that appellant has failed to demonstrate that counsel lacked a reasonable basis for his course of conduct and we uphold the action of the trial court on this issue.

Order affirmed.