J-S18027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RALPH RESCIGNO, | |
| Appellant | No. 1681 & 1682 EDA 2014 |

Appeal from the Judgments of Sentence entered December 6, 2014,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0003121-2011
& CP-51-CR-0002428-2011

BEFORE:  BENDER, P.J.E., ALLEN, and MUNDY, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED MARCH 16, 2015**

Ralph Rescigno ("Appellant") appeals from the judgment of sentences imposed after Appellant, at docket CP-51-CR-0003121, pled *nolo contendere* to one count of aggravated assault, possession of a firearm by a person prohibited, and possession of an instrument of crime; and at docket CP-51-CR-0002428, pled *nolo contendere* to one count of aggravated assault, possession of a firearm by a person prohibited, and possession of an instrument of crime.[1]

The trial court sentenced Appellant to concurrent terms of five (5) to ten (10) years of incarceration for the aggravated assault convictions, and concurrent two and a half (2½) to five (5) years of incarceration on each

_____

[1] 18 Pa.C.S.A. §§ 2702, 6105, and 907, respectively.

count of the possession of a firearm by a person prohibited and possession of an instrument of crime convictions.

Appellant filed a motion to withdraw his *nolo contendere* pleas on January 10, 2014. The trial court convened a hearing on April 17, 2014, and on May 8, 2014, denied Appellant's motion. Appellant filed a timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues for our review:

I.   Whether the Trial Court erred by denying Defendant / Appellant's Motion to Withdraw Nolo Contendere Plea as pre-sentence rules should apply because Defendant / Appellant asked his lawyer at the time to withdraw the plea one day after it was entered.

II.  Whether the Trial Court erred in calculating Defendant / Appellant's prior record score where it calculated a "burglary from automobile" (New Jersey) which is the equivalent of a misdemeanor the same as "burglary" (Pennsylvania) which is a felony?

Appellant's Brief at 4.

In his first issue, Appellant does not dispute that he sought to withdraw his *nolo contendere* pleas <u>after</u> he was sentenced. Rather, the crux of Appellant's argument is that "his counsel did not advise him properly of his plea agreement and therefore his nolo plea was coerced." ***See*** Appellant's Brief at 9. At this juncture, we may not review Appellant's claim of trial counsel's ineffectiveness. Our Supreme Court recently "reaffirmed" that with few exceptions, claims of ineffective assistance of counsel are to be deferred to PCRA review; trial courts should not entertain claims of

ineffectiveness upon post-verdict motions, and such claims should not be reviewed upon direct appeal. ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). Our Supreme Court stated:

> By way of summary, we hold that ***Grant's*** [813 A.2d 726 (Pa. 2002)] general rule of deferral to PCRA review remains the pertinent law on the appropriate timing for review of claims of ineffective assistance of counsel; we disapprove of expansions of the exception to that rule recognized in ***Bomar*** [826 A.2d 831 (Pa. 2003)]; and we limit ***Bomar,*** a case litigated in the trial court before ***Grant*** was decided and at a time when new counsel entering a case upon post-verdict motions was required to raise ineffectiveness claims at the first opportunity, to its pre-***Grant*** facts. We recognize two exceptions, however, both falling within the discretion of the trial judge.

***Id***. at 563.

Although we decline to reach Appellant's specific ineffectiveness claim, we otherwise reject Appellant's argument regarding the validity of his *nolo contendere* pleas. Our review reveals no trial court error or abuse of discretion in the trial court's denial, after hearing, of Appellant's motion to withdraw his *nolo contendere* pleas. The Honorable Steven R. Geroff, sitting as the trial court, has addressed the validity of Appellant's pleas without addressing the alleged ineffectiveness of trial counsel. In his July 24, 2014 opinion, Judge Geroff capably and persuasively discusses the validity of Appellant's pleas, citing both prevailing case law and the notes of testimony from the plea hearing. Trial Court Opinion, 7/24/14, at 3-5. Accordingly, we adopt the trial court's analysis.

With regard to Appellant's second issue regarding the trial court's calculation of his prior record score, the Commonwealth asserts waiver on the basis that Appellant is challenging the discretionary aspects of his sentence, and has failed to preserve this claim with the trial court at the sentencing hearing or in a motion to modify his sentence; the Commonwealth further asserts that Appellant has failed to include a Pa.R.A.P. 2119(f) statement in his appellate brief, to which the Commonwealth objects. **See** Commonwealth Brief at 12-13. Upon review of the record (including docket entries and notes of testimony from the December 6, 2013 sentencing hearing) as well as Appellant's brief, we agree.

Moreover, within his brief, Appellant does not articulate or detail how his prior record score should have been reduced or calculated based on his New Jersey conviction, or the impact of such reduction or calculation on his sentence. **See** Appellant's Brief at 14-15 (generally asserting "the New Jersey Burglary conviction of Defendant / Appellant should have been counted as a misdemeanor, not a felony in calculating Defendant / Appellant's prior record score"). Thus, this claim is further waived because Appellant has failed to fully develop his legal argument. **See, e.g., Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) (where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived).

In the absence of waiver, we note that the trial court explained that Appellant's sentences are "below the guideline range", and that Appellant was "not prejudiced" by the imposition of a prior record score of 5. Trial Court Opinion, 7/24/14, at 7.

Based on the foregoing, we incorporate the trial court's July 24, 2014 opinion with this Memorandum in disposing of this appeal. We affirm the judgments of sentence without prejudice to Appellant to pursue post-conviction relief pursuant to the Post-Conviction Relief Act ("PCRA") 42 Pa.C.S.A. §§ 9541-46.

Judgments of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/16/2015

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION - CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA      :      CP-51-CR-0003121- 2011
     :      CP-51-CR-0002428- 2011
     :

v.      :

     :

     :      SUPERIOR COURT
     :      NO. 1681 EDA 2014
RALPH RESCIGNO      :      NO. 1682 EDA 2014

**FILED**

OPINION

JUL 2 ʹ 2014

Criminal Appeals Unit
First Judicial District of PA

GEROFF, J.                              JULY 24, 2014

## I.    PROCEDURAL HISTORY

On September 24, 2013, the Defendant, Ralph Rescigno, appeared before this court and entered a plea of *nolo contendere* to one count of aggravated assault, possession of firearm by person prohibited, and possession of an instrument of crime on bill of information CP-51-CR-0003121-2011.[1] On bill of information CP-51-CR-0002428-2011, the Defendant entered a plea of *nolo*

---

[1] Instead of the district attorney summarizing the evidence to which the Defendant intended to plead no contest, counsel stipulated to the facts contained in the Commonwealth's packet of discovery. (N.T. 9/24/13, pp. 24-25). As set forth in the discovery packet, the underlying facts of this case are as follows: In his home located at 2607

*contendere* to one count of aggravated assault, possession of firearm by person prohibited, and possession of an instrument of crime.[2] This court accepted the Defendant's plea and deferred sentencing pending a pre-sentence investigation and mental health evaluation.

On December 6, 2013, this court sentenced the Defendant to a concurrent term of five (5) to ten (10) years of incarceration on each charge of aggravated assault. Concurrent terms of two and one half (2½) to five (5) years of incarceration were imposed on each count of possession of firearm by person prohibited and possession of an instrument of crime. On January 10, 2014, a Motion to Withdraw Plea of *Nolo Contendere*. Following a hearing on April 17, 2014, Defendant's motion to withdraw his *nolo contendere* plea was denied on May 8, 2014. The Defendant filed a Notice of Appeal and a Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. Rule 1925 (b) on or about May 21, 2014.

## II. ISSUES ON APPEAL

The Defendant raised the following issues verbatim on appeal:

1.      Whether the Trial Court erred by denying Defendant's Motion to Withdraw Nolo Contendere Plea as pre-sentence rules should apply because Defendant asked his lawyer at the time

---

S. 7th Street on September 27, 2010, the Defendant shot his ex-girlfriend's sixteen year old daughter, Marlo Straccione, Jr., with a rifle. Ms. Straccione suffered injuries to her right upper leg/buttock area. (N.T. 9/24/13, p. 25).

[2] Instead of the district attorney summarizing the evidence to which the Defendant intended to plead no contest, counsel stipulated to the facts contained in the Commonwealth's packet of discovery. (N.T. 9/24/13, pp. 24-25). As set forth in the discovery packet, the underlying facts of this case are as follows: On September 26, 2010, the Defendant assaulted his ex-girlfriend, Marlo Straccione, Sr., with a firearm. On September 27, 2010, the Defendant struck Ms. Straccione multiple times with a hammer and choked her until she was unconscious. (N.T. 9/24/13, pp. 26-27).

2

to withdraw the plea one day after it was entered.

2.      Whether the Trial Court erred in calculating Defendant's prior record score where it calculated a "burglary from automobile" (New Jersey) which is the equivalent of a misdemeanor the same as "burglary" (Pennsylvania) which is a felony?


III.    **DISCUSSION**

Defendant's first claim is that the court abused its discretion in denying his motion to withdraw his plea of *nolo contendere*. Defendant asserts that he should be allowed to withdraw his plea because he has steadfastly maintained his innocence and now desires to have a trial. (N.T. 4/17/14, pp. 22, 24). He argues that even though the motion to withdraw his *nolo contendere* plea was made post-sentence, his motion should be judged by pre-sentence standards (any "fair and just" reason) and, therefore, be granted. (N.T. 4/17/14, pp.35-36).

A plea of *nolo contendere* is treated the same as a guilty plea. Commonwealth v. Stork, 1999 PA Super 212, 737 A.2d 789, 790-91 (Pa. Super. Ct. 1999) *citing* Commonwealth v. Boatwright, 404 Pa.Super. 75, 590 A.2d 15, 19 (1991). There are two different standards for withdrawal of a plea. When a motion to withdraw a plea is made prior to sentencing, the motion should be granted where the defendant has offered a "fair and just reason." Commonwealth v. Gunter, 565 Pa. 79, 771 A.2d 767 (2001). *See also* Commonwealth v. Forbes, 450 Pa. 185, 299 A.2d 268 (1973), *and also*, Commonwealth v. Randolph, 553 Pa. 224, 718 A.2d 1242 (1998). To withdraw a plea prior to sentencing, Pa.R.Crim.P. 591 provides, "At any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of

3.

a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty. Pa.R.Crim.P. 591(A). On the other hand, in order to withdraw a plea after sentencing the defendant must show that the court, by denying withdrawal, would be sanctioning a manifest injustice. Manifest injustice is shown when a plea is entered into "involuntarily, unknowingly, or unintelligently." Commonwealth v. Stork, 737 A.2d 789 (Pa. Super. 1999); *See also* Commonwealth v. Persinger, 532 Pa. 317, 615 A.2d 1305 (1992); Commonwealth v. Shaffer, 446 A.2d 591, 593 (Pa. 1982).

Post-sentence attempts to withdraw a plea impose a more substantial burden on the defendant "because of the recognition that a plea withdrawal can be used a sentence-testing device." Commonwealth v. Shaffer, 446 A.2d 591, 593 (Pa. 1982) *quoting* Commonwealth v. Starr, 301 A.2d at 594. Defendant's disappointment with the length of his sentence does not represent adequate grounds for post-sentence withdraw of a plea. *See* Commonwealth v. Munson, 615 A.2d 343, (Pa. Super. 1992). Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Commonwealth v. Stork, *supra. citing* Commonwealth v. Myers, 434 Pa. Super. 221, 642 A.2d 1103, 1105 (1994) (quotation and citations omitted). Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. Id. (quotations omitted). A defendant is bound by the statements he makes during his plea colloquy and may not assert grounds for withdrawing the plea which contradict statements made when he pled. Stork, *supra. citing* Commonwealth v. Lewis, 708 A.2d 497 (Pa.Super.1998).

4

Here, Defendant's challenge to the *nolo contendere* plea was made <u>after</u> sentencing, and the standard for withdrawing a plea is manifest injustice. <u>Commonwealth v. Jackson</u>, 390 Pa. Super. 639, 569 A.2d 964 (1990). Contrary to Defendant's claim that pre-sentence rules must apply, he did not petition the court to withdraw his plea of *nolo contendere* until more than a month had passed after he was sentenced. He must show that the court's denial resulted in manifest injustice.

During the *nolo contendere* plea colloquy in this matter, this court went to great lengths to determine the voluntariness of the Defendant's actions. The record indicates that Defendant fully understood the nature and the consequences of his plea and knowingly and voluntarily pled guilty. (N.T. 9/24/13, pp. 14-27). The Defendant stated in open court that he understood what he was doing and that he was pleading guilty of his own volition. *Id.* at 15. The Defendant acknowledged that no promises were made to him and that no one induced him to plead against his wishes. *Id.* at 15-16. Defendant acknowledged that he understood the nature of the charges against him and that he had sufficient time to discuss his options with his attorney. *Id.* at 16. Defendant acknowledged that he was satisfied with the representation of his lawyer. *Id.* at 16. The facts were overwhelmingly sufficient to support the offenses to which Defendant pled. Defendant's own testimony revealed that he made a voluntary plea and was knowledgeable of the charges.

A review of the totality of the circumstances surrounding the aforementioned colloquy assures this court that Defendant's *nolo contendere* plea was voluntarily, knowingly and intelligently made. All of the requisite inquiries were conducted, and the Defendant made clear that he understood the nature and consequences of the plea. Hence, this court did not err in denying Defendant's post-sentence motion for withdrawal of his *nolo contendere* plea.

5

The Defendant's final argument is that the court erred in calculating his prior record score as five (5) points, instead of four (4) points. According to the Defendant, it was error for this court to consider his New Jersey conviction for burglary and criminal mischief to be the equivalent of a felony 2 burglary and given a value of two (2) points toward his prior record score. Defendant contends that this New Jersey conviction should have added only one (1) point to his prior record score, as this offense is the equivalent of the crime of theft from motor vehicle (18 Pa.C.S. §3934) under Pennsylvania law. Due to this alleged error, the Defendant is seeking an aggregate sentence of two and one half (2½) to five (5) years of incarceration as opposed to the aggregate sentence of five (5) to ten (10) years of incarceration actually imposed. Defendant's claim fails, as any alleged error in calculating his prior record score was harmless beyond reasonable doubt. His sentence would not have been lower but for the difference of one (1) point to his prior record score.

At sentencing, defense counsel stated that Defendant's prior record score was a five (5) and there was no argument over the accuracy of the presentence report. (N.T., 12/6/13, p. 18). The most serious offense - aggravated assault - was determined to have an offense gravity score of eleven (11). Applying the deadly weapon enhancement/used sentencing matrix, found at 204 Pa. Code § 303.17b, and a prior record score of five (5), the Defendant was subject to a minimum sentence of ninety (90) to one hundred and eight (108) months, plus or minus twelve (12) months. (N.T. 12/6/13, p. 18). Applying the deadly weapon enhancement/used sentencing matrix and a prior record score of four (4), the Defendant would have been subject to a minimum sentence of seventy eight (78) to ninety six (96) months, plus or minus twelve (12) months.

Even assuming that the court used a prior record score of four (4), the Defendant was still

facing guidelines in the mitigated range of five and one-half years of incarceration. (Five (5) years of incarceration was actually imposed in this case).

In fashioning a sentence that included an aggregate period of incarceration for a minimum of five (5) years to a maximum of ten (10) years, this court carefully considered that Defendant was pleading *nolo contendere* to (among other charges) two separate instances of aggravated assault which involved the use of firearms. One assault victimized the Defendant's own girlfriend; the other involved his shooting his girlfriend's teenage daughter and seriously injuring her. Even though Defendant's acts were of a violent nature, this court, after hearing testimony about Defendant's strong work ethic and family support, gave the Defendant concurrent minimum sentences of five (5) years of incarceration. The sentence imposed is below the guideline range for a crime with an offense gravity score of eleven (11) points and a prior record score of five (5) points, and also below the guideline range for a crime with an offense gravity score of eleven (11) points and a prior record score of four (4) points. This court is confident in stating that Defendant's mitigated sentence was appropriate and just under the circumstances; it would not have been altered, had the court accepted Defendant's prior record score as four points (4), instead of as five (5) points.

Contrary to the Defendant's claim, applying a prior record score of five (5), instead of four (4), was harmless error as Defendant's sentence would not have been different. Accordingly, Defendant has not been prejudiced, and thus any error by the court was harmless beyond reasonable doubt. Therefore, no relief is due, as Defendant has not suffered any prejudice.

7

## IV.    CONCLUSION

In summary, this court has carefully reviewed the entire record and finds no harmful, prejudicial, or reversible error and nothing to justify the granting of Defendant's request for relief in this case.  For the reasons set forth above, Defendant's judgment of sentence should be affirmed.

BY THE COURT:

_____
STEVEN R. GEROFF,