J-S23031-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT WAYNE GAWNE | : | |
| | : | |
| Appellant | : | |
| | : | No. 2499 EDA 2015 |

Appeal from the Judgment of Sentence March 2, 2015
in the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0001521-2014

BEFORE: PANELLA, OTT, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED MAY 11, 2016**

Appellant, Robert Wayne Gawne, appeals from the judgment of sentence entered in the Northampton County Court of Common Pleas following the trial court's denial of his post-sentence motion seeking the withdrawal of his *nolo contendere* plea.[1]  He claims that he was denied the opportunity to prove that his plea was improperly obtained due to his intoxication and psychiatric issues.  We affirm.

---

[*] Former Justice specially assigned to the Superior Court.

[1] We note that Appellant purported to appeal from the June 24, 2015 order denying his post-sentence motion.  However, the appeal properly lies from the March 2, 2015 judgment of sentence, made final by the denial of his post-sentence motion.  **See Commonwealth v. Kuykendall**, 2 A.3d 559, 560 n.1 (Pa. Super. 2010).

We glean the pertinent facts from the trial court's opinion and the record. Appellant was the driver of a tractor trailer when it collided, at a high rate of speed, with a concrete barrier at an Interstate 78 toll booth in Northampton County. After Appellant's tractor trailer hit the barrier, it landed on a Ford Taurus that was stopped at the toll booth. Both vehicles burst into flames and the driver of the Ford Taurus, Daniel Murphy, was killed.

Although at first he claimed otherwise, upon being confronted with video footage of the crash, Appellant provided a written statement admitting that he must have fallen asleep as he was approaching the toll booth. Further, an accident reconstruction, performed by Pennsylvania State Trooper Dennis Simms, established that Appellant failed to stay in a single lane as he approached the toll booth and was traveling at a speed of fifty-seven to seventy-four miles per hour when he hit the concrete barrier. Appellant was ultimately charged with homicide by vehicle,[2] involuntary manslaughter,[3] two counts of recklessly endangering another person,[4]

---

[2] 75 Pa.C.S. § 3732(a).

[3] 18 Pa.C.S. § 2504(a).

[4] 18 Pa.C.S. § 2705. Appellant was charged with two counts of reckless endangerment: one for the decedent, Danial Murphy, and one for the toll collector on duty, Robert George.

disregarding a traffic control device,[5] driving on roadways laned for traffic,[6] driving at an unsafe speed,[7] careless driving,[8] and reckless driving.[9]

Appellant was scheduled for trial on March 2, 2015. After arriving over fifty minutes late on that date, Appellant admitted that he had ingested two Tylenol-with-codeine tablets about an hour prior. However, upon questioning from the trial court, Appellant indicated that he understood the proceedings and could intelligently respond to questions. N.T., 3/2/15, at 22-23. Thus, the trial court concluded that any medication Appellant ingested did not impair his ability to understand the proceedings and the court proceeded with jury selection. *Id.*

After jury selection was complete, but prior to the start of trial, Appellant indicated that he wanted to forgo trial and was instead willing to plead "no contest" to all charges. *Id.* at 25-26.

In light of Appellant's prior record score,[10] the trial court stated that an aggregate sentence of four-and-one-half to nine years' imprisonment,

---

[5] 75 Pa.C.S. § 3111(a).

[6] 75 Pa.C.S. § 3309.

[7] 75 Pa.C.S. § 3361.

[8] 75 Pa.C.S. § 3714(a).

[9] 75 Pa.C.S. § 3736(a).

representing the statutory maximum sentence, was intended.[11]  At first,

Appellant's counsel suggested that Appellant might not be amenable to

plead to the statutory maximum sentence, but ultimately Appellant agreed

in both a written and oral *nolo contendere* plea colloquy.  ***Id.*** at 28-30; 45-

47.  Particularly pertinent here, Appellant also indicated in his written plea

colloquy "that he did not have a mental health history, the medication he

was taking did not affect his thinking or free will, and he had not imbibed

any narcotics or alcohol within the previous forty-eight hours."  Trial Ct. Op.

at 7.

Further, during the trial court's thorough oral plea colloquy, Appellant

stated that he understood and accepted his sentence, and that he was able

to understand the proceedings regardless of any medication he may have

taken:

> THE COURT: And, as I told you earlier, the agreement on
> sentencing-that the sentences for homicide by vehicle and
> recklessly endangering another person with respect to
> Robert George will run consecutive to each other which
> means they will be added one to the other for an

---

[10] Appellant had a prior record score of "RFEL" which is for offenders who have previous convictions or adjudications for Felony 1 or Felony 2 offenses which total six or more in the prior record.  Trial Ct. Op., 10/8/15, at 5, n. 3.

[11] Prior to stating the intention to sentence Appellant to the statutory maximum, the trial court reviewed the guideline calculations for each charge and discussed that several charges would merge for sentencing purposes. The court noted that for homicide by motor vehicle, a standard range sentence would have been twenty-seven months to forty months' imprisonment, and for reckless endangerment a standard range sentence would, have been twelve to eighteen months' imprisionment.

aggregate sentence of 4 and a half years to 9 years in a State Correctional Institution; do you understand that?

[Appellant]: Yes, sir.

THE COURT: And you agree to that sentence?

[Appellant]: Yes, sir.

[THE COURT]: As part of the sentencing agreement and discharging of the jury, you have also agreed that you will waive all rights to appeal this sentence directly to the Pennsylvania Superior Court and you will waive all rights to ask me for reconsideration of sentence once the sentence is imposed today; is that correct sir?

[Appellant]: Yes, sir.

THE COURT: Before approving or accepting your plea of *nolo contendere* I must be certain that your plea is knowing, intelligent and voluntary, that you know what rights you have and what rights you are giving up by pleading guilty and, finally, that it is your own decision.

[Appellant]: Yes, sir.

THE COURT: I will go over those rights with you now. If there's anything you do not understand, please stop me. I will explain it further and, if necessary, give you an opportunity to discuss it with [your counsel]; do you understand that, sir?

[Appellant]: Yes.

THE COURT: First of all, are you under the care of any doctor for any type of mental or emotional disability?

[Appellant]: None.

THE COURT: Are you able to understand everything that I am saying today?

MR. GAWNE: Yes.

THE COURT: Because I understand that there was some question earlier in the day, you said that you took two pills of Tylenol with codeine at 8:30 a.m. and you believe that those pills affected your ability to understand the proceeding today. You did say that earlier, correct?

[Appellant]: Yes, sir.

THE COURT: But based upon the answers that you provided me and the colloquy that we had, I determined that you are able to understand everything that I was saying at that point. So I will ask you now, sir, is there anything, anything, the medication that you took, anything that is preventing you from understanding what I am saying here today?

[Appellant]: No, sir.

THE COURT: You are able to understand everything that I am saying?

[Appellant]: Yes, sir.

THE COURT: You're sure?

[Appellant]: Positive.

THE COURT: 100 percent?

[Appellant]: 100 percent.

THE COURT: There's no doubt in your mind?

[Appellant]: No.

N.T. at 47-50.

Appellant further indicated that he understood the process of pleading *nolo contendere* because he had done so previously in another criminal matter. *Id.* at 51-52. Appellant's trial counsel also opined that Appellant understood the consequences of his plea. *Id.* at 52-53. Finding that

Appellant's *nolo contendere* plea was made knowingly, voluntarily, and intelligently, the trial court accepted the plea and immediately sentenced Appellant, who had waived his right to a pre-sentence investigation, as agreed.

Ten days later, on March 12, 2015, Appellant filed a motion to withdraw his *nolo contendere* plea, alleging that his use of codeine precluded him from entering a "voluntary, knowing, and intelligent" plea. Further, on April 16, 2015, Appellant filed a supplemental motion, which included claims that he had ingested benzodiazepine tablets and alcohol within twelve hours before entering his plea. Appellant also claimed that a prior, undisclosed psychiatric history affected his ability to tender a knowing, voluntary, and intelligent plea. Appellant requested an evidentiary hearing to present evidence, not of record, regarding his claims. On June 24, 2015, the trial court denied both Appellant's request for a hearing and his request to withdraw his plea.

Appellant filed a notice of appeal and a timely Pa.R.A.P. 1925(b) statement. The trial court filed a responsive Pa.R.A.P 1925(a) opinion. Appellant presents two issues for review:[12]

> Whether [Appellant's] pleas were knowing, intelligent, and voluntary where he pled to the entire information including summary offenses, accepted the statutory maximum

---

[12] As discussed below, Appellant failed to raise his first issue in his Rule 1925(b) statement. Further, Appellant raises two issues in his Rule 1925(b) statement that he has abandoned in his appellate brief.

> prison terms to run consecutively, and waived all meaningful avenues of review[?]
>
> Whether the totality of the circumstances dictate that a hearing should have been convened to address the factual matters raised by [Appellant's] petition not currently of record[?]

Appellant's Brief at 4.

For his first issue, Appellant argues that the trial court erred by denying his petition to withdraw his *nolo contendere* plea where his "extensive psychiatric background" and the cocktail of "benzodiazepine, opiates and alcohol" in his system would have rendered him "incapable of making a plea knowingly, intelligently, and voluntarily." ***Id.*** at 10. Further, he contends that his willingness to accept a maximum sentence, outside of the standard range, indicates that he was not in his "right mind" when he plead *nolo contendere*. ***Id.*** at 13. No relief is due.

We begin by noting, "[a]ppellate review of a *nolo contendere* plea is treated in the same fashion as is a guilty plea." ***Commonwealth v. Jackson***, 569 A.2d 964, 965 n.1 (Pa. Super. 1990) (citation omitted). In the context of the withdrawal of a guilty plea or *nolo contendere* plea, we consider the following:

> Withdrawal of a guilty plea after sentencing will only be permitted in this Commonwealth upon a showing of prejudice amounting to manifest injustice. Such a rule prevents potential abuse of the plea as a sentence testing device. A plea rises to the level of manifest injustice when it is entered into involuntarily, without understanding the nature of the charges, without knowledge of the factual basis of the charges, because of threats or coercion,

> because the prosecutor did not recommend a plea-bargained sentence, because the bargained-for sentence was not imposed, or because an accused proclaims his innocence. An on-the-record inquiry is required to insure that the accused understands the crimes with which he is charged and the rights which are waived.

*Id.* at 966 (citations omitted).

The comment to Pennsylvania Rule of Criminal Procedure 590 provides the following specific areas of inquiry for an on-the-record plea colloquy:

> (1) Does the defendant understand the nature of the charges to which he is pleading guilty?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he has a right to trial by jury?
>
> (4) Does the defendant understand that he is presumed innocent until he is found guilty?
>
> (5) Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?
>
> (6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Pa.R.Crim.P. 590 cmt.

Our Court has specifically held that the mere fact that a defendant was under the influence of a controlled substance at the time of his plea does not entitle him to withdraw such plea after sentencing. **See Jackson**, 569 A.2d at 966 (holding that although defendant was under the influence of medication at the time of his *nolo contendere* plea, he was not permitted to

withdraw his plea where he responded to all plea colloquy questions appropriately and thus demonstrated his understanding of the proceedings); *Commonwealth v. Hazen*, 462 A.2d 732, 735 (Pa. Super. 1983) (holding that the defendant, who was under the influence of a tranquilizing drug at the time of his guilty plea, was not entitled to withdraw his plea where defendant's counsel opined that he was competent and trial court found that he cogently participated in a lengthy plea colloquy).

As a prefatory matter, we note that the trial court found Appellant's first issue to be waived due to his failure to include it in his Rule 1925(b) statement. We agree. It is axiomatic that issues not included in a petitoner's Rule 1925(b) statement are waived. Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Dozier*, 99 A.3d 106, 110 (Pa. Super.), *appeal denied*, 104 A.3d 523 (Pa. 2014) (petitioner's issues waived for failure to present them in his Rule 1925(b) statement). Accordingly, Appellant's first issue on appeal is waived.

However, we note that the trial court determined that even had Appellant included his first issue in his 1925(b) statement, it would have failed for lack of merit. Once again, we agree. Appellant argues that his *nolo contendere* plea was not knowingly, intelligently, or voluntarily entered because he was under the influence of medication and alcohol at the time of his plea. However, Appellant's intelligent and coherent answers during the trial court's thorough plea colloquy belie that contention. In both *Jackson*

and **Hazen**, this Court concluded that when a defendant appropriately and coherently participates in an oral plea colloquy, his plea will be considered to be knowing, voluntary, and intelligent, even if the petitioner is under the influence of a substance at the time. **Jackson**, 569 A.2d at 966; **Hazen**, 462 A.2d at 735. Likewise, we instantly conclude that Appellant knowingly, voluntarily, and intelligently entered into his *nolo contendere* plea because he appropriately participated in his plea colloquy and his own trial counsel opined that he was competent. Thus, the trial court properly denied Appellant's motion to withdraw his plea post-sentencing.

In his second issue, Appellant avers that the trial court erred by denying his request for an evidentiary hearing regarding his petition to withdraw his *nolo contendere* plea. Specifically, Appellant asserts that he would have presented evidence of his "extensive psychiatric background" and diminished capacity due to the influence of controlled substances. Appellant's Brief at 8-10. Our review reveals no basis to disturb the trial court's ruling.

It is well settled that defendants are bound by their responses during an on-the-record plea colloquy:

> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. **A defendant is bound by the statements**

- 11 -

**he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.**

***Commonwealth v. Stork***, 737 A.2d 789, 790-91 (Pa. Super. 1999) (quotation marks and citations omitted) (emphasis added) (holding that a hearing on petitioner's post-sentence motion to withdraw his plea of *nolo contendere* was not necessary where facts, not of record, alleged by petitioner contradicted his own assertions made in his plea colloquy).

In regards to hearings on post-sentence motions, Pennsylvania Rule of Criminal Procedure 720 provides that the trial court shall "determine whether a hearing or argument on the motion is required." Pa.R.Crim.P. 720(B)(2)(b). Thus, the decision to grant a hearing on a motion to withdraw a *nolo contendere* plea is left to the discretion of the trial court. ***Id.*** at 791. Also, this Court has held that while a hearing should be granted in "borderline cases," not every claim that a plea was improperly induced requires a hearing. ***Id.***

Instantly, during his plea colloquy, Appellant stated that he could understand "100 percent" of the proceeding, regardless of any medication he may have taken. He also indicated that he was not under a doctor's care for any mental or emotional disability. Appellant is bound by his statements during his plea colloquy and cannot present evidence in contradiction thereof in a bid to withdraw his plea. ***See id.*** at 790. Accordingly, any evidence Appellant could have presented to the contrary was inapposite and the trial

court did not abuse its discretion by declining to grant Appellant's request for an evidentiary hearing to present such evidence and his second issue on appeal also must fail.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2016