J-S13008-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY COSENZA | : | |
| | : | |
| Appellant | : | No. 505 EDA 2020 |

Appeal from the PCRA Order Entered December 17, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s):  CP-09-CR-0006651-2016

BEFORE:   OLSON, J., KING, J., and PELLEGRINI, J.*

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 04, 2021**

Appellant, Timothy Cosenza, appeals from the order entered on December 17, 2019, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We briefly summarize the facts of this case as follows.  On July 16, 2016, Appellant arrived at a family birthday party at a residence in Upper Southampton Township, Bucks County, Pennsylvania, waving his arms and saying he was "going to get" his brother who was inside.  Appellant pointed a firearm at several family members and threatened to shoot them, entered the residence, and struck his brother in the face with the gun before fleeing the scene.  Subsequently, upon execution of a search warrant at Appellant's residence, the police recovered an operable, loaded firearm wrapped in a towel

_____

* Retired Senior Judge assigned to the Superior Court.

inside a cabinet and additional live and spent ammunition. The police also discovered a target range in Appellant's basement.

Procedurally, as recounted by the trial court, the case progressed as follows:

> Appellant was arrested on July 17, 2016. The case proceeded to a trial by jury on March 30, 2017. Appellant [filed a] pre-trial motion to bifurcate the charge of prohibited person not to possess a firearm[,[1] which the trial court] granted and no mention of said charge to the jury was permitted. On March 31, 2017, the jury returned a verdict finding Appellant guilty of terroristic threats and possession of a weapon.[2] Appellant was found not guilty of burglary and three counts of simple assault.[3] The jury was unable to reach a verdict on charges of criminal trespass and two counts of terroristic threats.[4]
>
> On April 3, 2017, [rather than proceeding to a second trial on the unresolved charges,] Appellant entered an open guilty plea to prohibited person not to possess a firearm and two counts of terroristic threats (downgraded from a felony of the third degree to a misdemeanor of the first degree). On the charge of prohibited person not to possess a firearm, Appellant was sentenced to pay the costs of prosecution and undergo imprisonment in a state correctional institution for not less than five (5) years nor more than ten (10) years. He was sentenced on each count of terroristic

---

[1] **See** 18 Pa.C.S.A. § 6105. "Appellant was prohibited from possessing a firearm based on his 1972 conviction for conspiracy to commit burglary[,] his 1977 conviction for robbery[,] his 1983 conviction for aggravated assault[,] or his 1984 and 1985 convictions for possession of a controlled substance with intent to deliver." PCRA Court Opinion, 9/18/2020, at 2 (unnecessary capitalization omitted). The trial court, however, did not adjudicate Appellant's persons to possess charge, presumably because Appellant elected to plead guilty shortly after the conclusion of his first trial.

[2] 18 Pa.C.S.A. §§ 2706(a)(1) and 907.

[3] 18 Pa.C.S.A. §§ 3502(a)(1) and 2701(a)(3).

[4] 18 Pa.C.S.A. §§ 3503(a)(1) and 2706(a)(1).

threats to serve concurrent sentences [of one to two years of incarceration].

Appellant did not file [a] post[-]sentence motion[] or a direct appeal. On March 29, 2018, Appellant filed a timely *pro se* petition pursuant to the PCRA. [The PCRA court] appointed counsel on October 12, 2018. Subsequently, on March 12, 2019, counsel filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A,2d 213 (Pa. Super. 1988). [The PCRA court] reviewed this letter and[,] thereafter, conducted an independent review of the entire file, including the notes of testimony, exhibits introduced at trial or other proceedings, and documents and other communications related to this matter. [The PCRA court found] there were no [] meritorious [issues for] review under the [PCRA]. To be certain, however, [the PCRA court] held a video hearing on December 17, 2019. The purpose of this hearing was to confirm Appellant's receipt of the **Turner**/**Finley** letter, provide him an opportunity to respond, and advise him of his appellate rights. [The PCRA court] issued an order dated December 17, 2019[,] denying all relief sought by Appellant.

PCRA Court Opinion, 9/18/2020, at 2-3 (unnecessary capitalization and internal parenthetical omitted). This timely, *pro se* appeal resulted.[5]

On appeal *pro se*, Appellant presents the following issues for our review:

---

[5] Appellant filed a *pro se* notice of appeal dated January 5, 2020. The envelope containing the notice of appeal was postmarked on January 17, 2020. Under the prisoner mailbox rule, the appeal was filed timely. **See Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 (Pa. Super. 2019) ("[T]he prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. [When t]he certified record does not indicate when [an a]ppellant delivered the document to prison authorities for mailing, [we may use] the envelope [] postmark[] as the filing date.") (citation omitted). On January 28, 2020, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant complied timely. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 18, 2020.

A. Whether the [trial c]ourt [denied] Appellant's Sixth Amendment rights, after the [prohibited person not to possess a firearm] charge was severed [in] a bifurcated trial, then [the trial court later accepted a guilty plea on that charge thereby] denying [] any jury input?

B. Whether [Appellant's] guil[t]y plea can be considered knowing, intelligent and voluntary, when [] Appellant [] was under the influence of controlled substances?

C. Whether the [trial c]ourt [denied] Appellant's Sixth Amendment rights, [by] allowing trial counsel to withdraw the day of sentencing before filing any direct appeal or post-sentence motions?

Appellant's *Pro Se* Brief at 3.[6]

In this case, Appellant's first and second appellate issues are somewhat inter-related and overlap in procedural succession and, thus, we will examine them together. First, Appellant points out that the trial court granted trial counsel's pre-trial request to bifurcate the prohibited persons not to possess a firearm charge from the remaining charges, so as to adjudicate that charge in a later, separate proceeding, and avoid having the jury hear about his prior convictions during the first phase of trial. *Id.* at 9. Appellant next contends that instead of proceeding to the bifurcated portion of trial, "the [trial] court denied the second bifurcated portion of the trial, then allowed Appellant to plead guilty while under the influence of controlled substances." *Id.* More specifically, in his second issue presented on appeal, Appellant argues that

_____

[6] We note that the trial court's recitation of the issues presented in Appellant's Rule 1925(b) statement was somewhat incomplete. We conclude that all of the issues currently raised were fairly encompassed in Appellant's Rule 1925(b) statement and the PCRA court addressed them completely in its Rule 1925(a) opinion.

when he appeared for the plea hearing on April 3, 2017, the Commonwealth, defense counsel, and the trial court "were all aware that [Appellant was] under the influence of controlled substances during the proceedings." *Id.* at 13, *citing* Trial Court Opinion, at 9. He claims that he was visibly intoxicated, but the trial court nevertheless permitted him to plead guilty. *Id.* at 16. As a result, Appellant also "submits that [trial] counsel was ineffective for allowing [] Appellant, while under the influence of controlled substances, to [complete] the written [plea] colloquy and then allowing extremely prejudicial testimony [to be offered by] Appellant, while intoxicated[,] [when pleading guilty] to a charge that was not submitted to the jury and found beyond a reasonable doubt." *Id.* at 16-17.

Our standard of review is as follows:

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Vinson*, 249 A.3d 1197, 1203 (Pa. Super. 2021) (citation omitted).

Initially, we note that this Court has previously determined:

[o]ur law is clear that, to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to manifest injustice. A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's

- 5 -

disappointment in the sentence imposed does not constitute manifest injustice.

A court accepting a defendant's guilty plea is required to conduct an on-the-record inquiry during the plea colloquy. The colloquy must inquire into the following areas:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-524 (Pa. Super. 2003) (internal citations omitted).[7] A written plea colloquy may supplement an oral colloquy in demonstrating a voluntary plea. *Commonwealth v. Bedell*, 954

---

[7] Moreover,

A criminal defendant has the right to effective counsel during a plea process as well as during trial. A defendant is permitted to withdraw his guilty plea under the PCRA if ineffective assistance of counsel caused the defendant to enter an involuntary plea of guilty.

*Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citations and quotations omitted).

A.2d 1209, 1216 (Pa. Super. 2008), *citing* **Commonwealth v. Morrison**, 878

A.2d 102, 108 (Pa. Super. 2005); **see also** Pa.R.Crim.P. 590(A)(2), Comment

("[N]othing [] would preclude the use of a written colloquy that is read,

completed, signed by the defendant, and made part of the record of the plea

proceedings. This written colloquy would have to be supplemented by some

on-the-record oral examination.").

> Furthermore,
>
> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
>        \*        \*        \*
>
> A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

**Pollard**, 832 A.2d at 522–523 (internal citations omitted).

In **Commonwealth v. Jackson**, 569 A.2d 964 (Pa. Super. 1990), a

prior panel previously determined that a plea is not rendered involuntary

merely because an appellant later alleged he or she was intoxicated at the

time of the plea:

> the trial court was completely informed regarding the nature of [Jackson's] alleged illness or condition. The trial court explicitly discussed the prescription drugs [Jackson] was taking at the time

he entered his plea. [Jackson] stated that he had no problems understanding the trial judge. At no time during the colloquy did [Jackson] give any indication that he failed to understand the court's explanation of the rights he was waiving by entering a [] plea, nor does the record indicate that [Jackson] was unable to follow the proceedings. Rather, [Jackson] consistently responded in an appropriate manner to all questions posed by the lower court. We note that [Jackson did not point] to a specific matter which he did not understand and which would have caused him to assert his right to a trial. Further, it [was] clear from the transcript that the trial judge was convinced [Jackson's] plea was valid. [Jackson] simply [did] not demonstrate[] that a manifest injustice [] occurred in [that] case [and] therefore [this Court] affirm[ed.]

*Jackson*, 569 A.2d at 966.

In *Commonwealth v. Willis*, 68 A.3d 997 (Pa. Super. 2013), a panel

of this Court similarly found:

[D]espite [Willis'] self-serving testimony that he felt "tranquilized" during the guilty plea hearing, [Willis'] guilty plea counsel indicated [Willis] appeared to be competent, he did not appear to be "tranquilized," his speech was not slurred, and he provided appropriate answers to questions. At no time did [Willis'] guilty plea counsel observe any indication [Willis] was less than clear of mind or under the influence of medication when he entered his guilty plea. Moreover, [] the trial court judge, who was also the PCRA court judge, observed [Willis] as he participated in a lengthy guilty plea colloquy, cogently answering each question addressed to him. As a result, the PCRA court concluded neither the medication [Willis] was taking nor any mental illness interfered with [Willis'] capabilities or rendered him incompetent to plead guilty. Simply put, the mere fact [Willis] was taking prescribed psychotropic medication at the time of his plea does not, of itself, result in the conclusion he was unable to enter a knowing, voluntary, and intelligent guilty plea.

*Willis*, 68 A.3d at 1009 (internal citations omitted).

Here, "the trial court presided over a two-day jury trial which resulted

in the jury convicting on some charges, acquitting on other charges, and

unable to reach a verdict on the remaining charges." PCRA Court Opinion, 9/18/2020, at 7. After the jury deadlocked on some of the criminal charges addressed in the first trial, Appellant, instead of proceeding to a new trial on those charges or continuing to the bench trial portion of his first trial, instead chose to plead guilty to prohibited person not to possess a firearm and two counts of terroristic threats. The impetus for this choice appears to be that the terroristic threats were "downgraded from felon[ies] of the third degree to [] misdemeanor[s] of the first degree."[8] *Id.* at 3 (parentheticals omitted). "[I]n his written guilty plea colloquy, Appellant stated that he was not under the influence of any medications or drugs which would affect his ability to understand [the plea] proceedings." *Id.* at 9. Appellant does not dispute that he confirmed he was not under the influence of drugs in his written plea colloquy. Trial counsel also asked Appellant if he were "under the influence of any drugs, alcohol or medications" to which he responded "no." N.T., 4/3/2017, at 6. Appellant stated that he knew what he was doing. *Id.* Appellant also stated that he understood that by entering a guilty plea, he was giving up his right to a trial. *Id.* Moreover, before accepting Appellant's guilty plea, the trial court "questioned Appellant because [it] believed [Appellant] may have been under the influence of medications or drugs that impaired his ability to participate in his defense." Trial Court Opinion, 9/18/2020, at 9.

---

[8] As Appellant was represented by counsel at his first trial and during his guilty plea hearing, we fail to see how the trial court denied Appellant's right to counsel under the Sixth Amendment.

More specifically, before accepting Appellant's plea, the trial court noted that "Appellant was having difficulty staying awake during parts of the trial" the week prior to the plea hearing. N.T., 4/3/2017, at 12. The trial court was "concern[ed] that [Appellant] may be under the influence of a controlled substance" and unable to participate in his defense and asked Appellant if he were taking any drugs. *Id.* at 13. Appellant stated that he was taking Effexor, Gabapentin, and "had a prescription for Valium." *Id.* Appellant, however, replied that he was "perfectly capable of grasping" what his attorney was saying and understood what he was doing by entering his guilty plea. *Id.* at 14. Defense counsel also stated, on the record at the plea hearing, that Appellant "fully appreciated" their conversations, "was able to assist [] in his defense and was alert and awake during [their] meetings." *Id.* The trial court was satisfied that Appellant was not under the influence of drugs or medications that would impair his ability to participate in his defense before accepting Appellant's guilty plea. Furthermore, the trial court confirmed that Appellant wished to proceed. *Id.* The PCRA court ultimately determined:

> [The trial court] offered [Appellant] the opportunity to postpone or continue his guilty plea and sentencing to a later date. Ultimately, [the trial court] accepted Appellant's testimony and permitted him to continue. Now, [Appellant claims] he lied under oath [] and somehow, expects to be rewarded for this behavior.

PCRA Court Opinion, 9/18/2020, at 9.

Here, the mere fact Appellant took prescribed medication at the time of his plea does not render his plea unknowing, involuntary, and/or unintelligent

- 10 -

*per se*.  The trial court explicitly discussed the prescription drugs Appellant was taking at the time he entered his plea and Appellant stated that he had no difficulty understanding the trial court.  Moreover, Appellant stated multiple times, both orally and in a written colloquy, that he was not under the influence of drugs or medication and he was fully able to appreciate his guilty plea.  Moreover, despite originally requesting bifurcation of the firearm charge from the remaining charges, Appellant also waived his right to a trial before the trial court accepted his guilty plea.  Appellant is bound by the statements he made under oath at the guilty plea hearing.  He cannot come forward now and claim that he lied under oath at that proceeding.  Furthermore, defense counsel also indicated that Appellant was alert, awake and able to participate in his defense at the time he entered his plea.  Finally, the trial court observed Appellant as he participated in the guilty plea colloquy and appropriately answered the questions addressed to him.  Upon our review of the record, we agree with the PCRA court that Appellant is bound by his attestation that he was not under the influence of drugs or medication that impeded his ability to enter a knowing, voluntary and intelligent guilty plea.  As such, Appellant's first and second appellate issues are without merit.

In his third issue presented on appeal, Appellant contends that the trial court erred in allowing trial counsel to withdraw before filing post-sentence motions or perfecting a direct appeal.  Appellant's *Pro Se* Brief, at 21-23.  We read Appellant's contention as asserting that the trial court violated Appellant's rights under the Sixth Amendment.

On this issue, the trial court determined:

> At the conclusion of the sentencing hearing, [the trial court] explained [Appellant's] appellate rights to him. [The trial court] advised Appellant, on the record, that his privately retained trial counsel was permitted to withdraw as counsel. [The trial court] determined Appellant was indigent and] that he was entitled to representation by the Public Defender's Office and directed that he remain in Bucks County Prison for ten (10) days to have access to attorneys in that office. He remained in Bucks County Prison for the ten (10) days but apparently did not contact the Public Defender's Office. Obviously, private counsel's representation ended at the conclusion of the sentencing hearing when he was permitted to withdraw as counsel. [Private counsel] had no obligation to file anything further on behalf of Appellant[.]

Trial Court Opinion, 9/18/2020, at 10.

"It is well settled that a criminal defendant has the right to be represented by counsel at trial." **Commonwealth v. Ford**, 715 A.2d 1141, 1143 (Pa. Super. 1998) (citation omitted). Counsel for a defendant may withdraw his appearance by leave of court. Pa.R.Crim.P. 120(B)(1)(b)(1). Counsel may seek to withdraw by oral motion "on the record in open court in the presence of the defendant." Pa.R.Crim.P. 120(B)(2)(b). At the time of sentencing:

> The judge shall determine on the record that the defendant has been advised of the following:
>
>> (a) of the right to file a post-sentence motion and to appeal, of the time within which the defendant must exercise those rights, and of the right to assistance of counsel in the preparation of the motion and appeal;
>>
>> (b) of the rights,

- 12 -

(i) if the defendant is indigent, to proceed *in forma pauperis* and to proceed with appointed counsel as provided in Rule 122, or,

(ii) if represented by retained counsel, to proceed with retained counsel unless the court has granted leave for counsel to withdraw pursuant to Rule 120(B);

(c) of the time limits within which post-sentence motions must be decided;

(d) that issues raised before or during trial shall be deemed preserved for appeal whether or not the defendant elects to file a post-sentence motion[.]

Pa.R.Crim.P. 704(C)(3)(a)-(d). We review an order granting leave to withdraw as counsel for an abuse of discretion. ***Ford***, 715 A.2d at 1143.

However,

[t]here is no duty on the part of defense counsel to elicit a defendant's desires in regard to an appeal. It is beyond dispute that a defendant has an absolute right to a direct appeal. Pa.Constitution, Article V, sec. 9. Furthermore, it is clear that the ultimate decision of whether to do so must be made by the defendant and not counsel. It is also well-settled that a defendant may knowingly and intelligently waive his right to appeal. Thus, it is both the right and the responsibility **of the defendant** to determine whether a direct appeal should be taken.

***Commonwealth v. Johnson***, 512 A.2d 1242, 1249 (Pa. Super. 1986) (emphasis in original; internal case citations omitted).

In this case, privately retained counsel was properly permitted to withdraw in Appellant's presence in open court. ***See*** Pa.R.Crim.P. 120(B)(2)(b). The trial court then advised Appellant of his post-sentence and direct appeal rights. The court further determined that Appellant was indigent and directed him to contact the Public Defender's Office for the appointment

- 13 -

of counsel if he sought to file a post-sentence motion or an appeal. Upon review of the record, Appellant never exercised his right to appointed counsel and did not file a *pro se* post-sentence motion or notice of appeal. Currently, Appellant does not allege that he took any steps to secure counsel or preserve his appellate rights. Accordingly, we conclude that the trial court did not infringe upon Appellant's constitutional rights. Instead, it was Appellant who had the right and responsibility to determine whether to take a direct appeal and he simply did not. Hence, Appellant's final issue is meritless.

Order affirmed.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*

*Date: 8/4/2021*